In re EARLE INDUSTRIES, INC., Debtor.

EARLE INDUSTRIES, INC., Plaintiff,

v.

C–WAY ENTERPRISES, INC. and CNA Continental Assurance Company, Defendants.

Bankruptcy No. 86–00869G.

Adv. No. 86–0397G.

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 8, 1986.

Peter D. Bludman, Hepburn, Willcox, Hamilton & Putnam, Philadelphia, Pa., for debtor/plaintiff, Earle Industries, Inc.

Joseph L. Burns, Treasurer, Ferrysburg, Mich., for defendant, C–Way Enterprises, Inc.

Linda Beyer, Harry R. Blackburn, Hunt & Fineman, Philadelphia, Pa., for defendants, C–Way Enterprises, Inc. and CNA Continental Assur. Co.

Jon C. Sirlin, Philadelphia, Pa., for Provident Nat. Bank, Garnishee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for consideration is whether we should grant the motions of C–Way Enterprises, Inc. ("C–Way") and CNA Continental Assurance Co., Inc. ("CNA"), to set aside default judgments entered against them on June 20, 1986. For the reasons set forth below, we conclude that the motions should be denied.

The facts of this case are as follows:[1] On May 2, 1986, plaintiff Earle Industries, Inc., ("Earle"), a chapter 11 debtor, instituted a turnover proceeding pursuant to 11 U.S.C. § 542 of the Bankruptcy Code ("the Code") against defendants C–Way and

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

CNA. Plaintiff alleged that C–Way contracted with Earle to purchase certain goods and services for the construction of a bridge in Sarasota County, Florida, and that C–Way had furnished a payment bond executed by defendant, CNA, to protect Earle's interest. Plaintiff claimed that it never received payment for the goods and services provided to C–Way and, accordingly, brought the instant action to collect its accounts receivable from C–Way and CNA.

As stated above, Earle instituted this adversary proceeding on May 2, 1986. Copies of the complaint were sent that same day to both defendants by certified mail, return receipt requested. On or about May 5, 1986, the court issued a summons and notice of trial, requiring defendants to file their answers by June 6, 1986, and notifying them that the case would be tried on June 18, 1986. On May 12, 1986, plaintiff's counsel mailed copies of the summons to both defendants pursuant to Bankruptcy Rule 7004(b)(3), and filed an affidavit of service to that effect.

On June 6, 1986, C–Way filed its answer to plaintiff's complaint, which included certain affirmative defenses, a counterclaim and a demand for a jury trial. C–Way then failed to appear for trial on June 18, 1986, and, accordingly, the court entered a default judgment for failure to appear.

The other defendant, CNA, never filed an answer to the plaintiff's complaint nor did it appear for trial. Accordingly, a default judgment was entered against CNA for failure to appear or respond to plaintiff's complaint.

Since the case at bench involves two separate motions, we will address each motion individually. First, with respect to C–Ways' motion to set aside the default judgment entered on June 20, 1986, we find it unnecessary to consider the arguments raised by defendant in its brief. We conclude that defendant's motion should be denied without prejudice because it was not properly filed by an attorney. This court is bound by the holding of the Court of Appeals in the Third Circuit in *Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir.

1966). In that case, the court held that a corporation seeking to have its rights litigated in a court of law would not be permitted to represent itself by its president, but would be required to employ an attorney at law to represent it. *Id.* at 374–75. This approach has been widely followed in other jurisdictions. *See, e.g., Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir.1984) *cert. denied, Gordon v. Donovan,* 469 U.S. 1217, 105 S.Ct. 1198, 84 L.Ed.2d 342 (1985) (corporation, as fictional legal person, can only be represented by licensed counsel); *Southwest Express Co., Inc. v. I.C.C.,* 670 F.2d 53, 56 (5th Cir.1982) (corporation could not appear before court through its president and principal stockholder, a non-lawyer, but could enter an appearance only through a licensed attorney); *In re Victor Publishers, Inc.,* 545 F.2d 285, 286 (1st Cir.1976) (bankruptcy judge in chapter 11 proceeding properly denied non-lawyer's motion to appear on behalf of corporate debtor); *Matter of Plunkett,* 47 B.R. 172, 176 (Bankr.D.Wis.1985) (corporation that was party to adversary proceeding in bankruptcy case was required to appear through a licensed attorney).

■ In the case at bench, C–Way's motion to set aside the default judgment was not filed by a licensed attorney. Instead, the motion was filed by the corporation's treasurer, Joseph L. Burns, and there is no indication that Mr. Burns is an attorney at law. As such, this case falls squarely within the holding of *Simbraw*, and, accordingly, we will deny C–Way's motion to set aside the default judgment without prejudice.

With respect to the defendant CNA's motion to set aside the default judgment, we conclude that the motion should be denied.

■ Rule 60(b) of the Federal Rules of Civil Procedure, applicable to this proceeding through Bankruptcy Rule 9024, sets forth the standard for setting aside a default judgment. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or his

legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

In order to set aside a default judgment, the moving party must show that: (1) the plaintiff will not be substantially prejudiced if the judgment is opened; (2) the defaulting party has a meritorious defense; and (3) the default did not result from inexcusable or gross negligence or a willful act. *Reid v. Liberty Consumer Discount Co. of Pennsylvania,* 484 F.Supp. 435, 438 (E.D. Pa.1980). *See also In re Juil, Inc.,* 52 B.R. 343, 347 (Bankr.E.D.Pa.1985) (citing *Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir.1984); *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984); *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 122 (3d Cir.1983); *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir.1982); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982).

■ In applying the above three factors to the case at bench, we find that the defendant has failed to meet its burden of proof. First, CNA has failed to establish that it has a meritorious defense to plaintiff's complaint. A meritorious defense is presumptively established when the "allegations of defendants' answer, if estab-lished at trial would constitute a complete defense to the action." *In re Juil,* 52 B.R. 343, 347 (Bankr.E.D.Pa.1985) (*quoting Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir.1984). Here, CNA did not file an answer to plaintiff's complaint and, as such, we are unable to determine the validity of any defenses CNA might have. CNA claimed that it relied on C–Way to file an answer for them. However, C–Way's answer makes no reference to any CNA defenses and, in fact, makes no mention of CNA at all. The only reference to a meritorious defense in this proceeding is in CNA's motion to set aside the default judgment. However, CNA merely states in its motion that "it will be able to assert numerous meritorious defenses to the above-captioned complaint." CNA alleges no specific facts in the motion which, if established at trial, would constitute a complete defense to the action. The conclusory statements in CNA's motion are insufficient to establish the existence of a meritorious defense. Therefore, since CNA has failed to satisfy the "meritorious defense" requirement for setting aside default judgments, we conclude that CNA's motion to set aside the default judgment must be denied.

Although we find that the default judgment must stand on the basis of the defendant's failure to establish a meritorious defense, we also find that CNA has failed to meet its burden under the "culpable conduct" requirement. CNA's failure to respond to plaintiff's complaint goes beyond mere neglect. In telephone depositions taken September 25, 1986, CNA's representative testified that on May 21, 1986, it received notice that its answer was due on June 6, 1986, and that the trial would take place on June 18, 1986. However, CNA neither filed an answer nor appeared at trial. CNA claimed that it believed C–Way would appear and answer on CNA's behalf, yet C–Way's answer made no reference to CNA. Moreover CNA admitted that it saw C–Way's answer but still failed to take any action. Hence, CNA's motion to set aside the default judgment will be denied.