**In re Denis BRODY, Debtor.**

**Carol BRODY, Plaintiff,**

**v.**

**Denis BRODY, Defendant/Debtor.**

**Bankruptcy No. 188–81418–352. Adv. No. 188–0196.**

United States Bankruptcy Court, E.D. New York.

Feb. 17, 1989.

---

ment, claiming that a failure to timely respond to the answer and counterclaim entitles him to dismissal of the complaint and judgment on his counterclaim. The plaintiff responds by requesting a dismissal of the counterclaim for failing to comply with Bankruptcy Rule 7008(a) (failure to contain jurisdictional allegations) and further denies the tardiness of her reply. To the extent this court finds her reply untimely, she requests this court to relieve her of that default.

## DISCUSSION

Was plaintiff's reply to the counterclaim timely? If it was, there is no "default" and no grounds exist for summary judgment.

Bankruptcy Rule 7012(a) provides in pertinent part that "[t]he plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer or, if a reply is ordered by the court, within 20 days after. service of the order, unless the order otherwise directs...." In accordance with this rule, defendant maintains that as the answer was served on October 6, 1988, the last day in which plaintiff may reply to the counterclaim would be October 26, 1988. Plaintiff maintains, however, that as the answer containing the counterclaim was served by mail, Bankruptcy Rule 9006(f) allows an additional three days within which to respond.

Bankruptcy Rule 9006(f) provides: "[w]hen there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period." Accordingly, plaintiff maintains that timely service of the reply could normally have been effected until October 29, 1988 and as this date falls out on a Saturday, Bankruptcy Rule 9006(a) extended that time to serve the reply until Monday, October 31, 1988, the day upon which it was actually filed and served.

In rebuttal, defendant points out that Bankruptcy Rule 9006(f) extends the time

Gainsburg, Greene & Hirsch by Hal M. Hirsch, Esq. and Neil Berger, Purchase, N.Y., for Denis Brody.

Dreyer & Traub by Edward H. Tillinghast, III, New York City, for Carol Brody.

## DECISION

MARVIN A. HOLLAND, Bankruptcy Judge.

On September 2, 1988 the plaintiff, Carol Brody, commenced an adversary proceeding pursuant to 11 U.S.C. § 523(a)(5) to determine the dischargeability of a debt owed by her estranged husband, Denis Brody, the debtor in this case.

An answer to the complaint containing a counterclaim was served on October 6, 1988 by mail. On October 31, 1988 a reply to the counterclaim was served by mail. The debtor-defendant maintains that service of this reply to the counterclaim was untimely and moves for summary judg-

within which a party may perform some act in response to a notice or some other paper *other than process,* and argues that a counterclaim falls within the definition of "process", thereby exempting it from Bankruptcy Rule 9006(f)'s three-day extension. We therefore must inquire into the meaning of process as contained in Bankruptcy Rule 9006(f).

Bankruptcy Rule 9006(f) is similar to Federal Rules of Civil Procedure 6(e) ("FRCP"). Both rules provide that when a party is served by mail there is an allowed additional three days within which to respond. Bankruptcy Rule 9006(f), however, states that this additional three-day period does not apply to the service of "process;" FRCP 6(e) contains no such exception.

The general purpose of rule 6(e) of the FRCP is to provide parties protection from the effect of FRCP 5(b) which provides that service by mail is complete upon mailing. 4A Wright & Miller, *Federal Practice & Procedure:* Civil 2d § 1171 at 513–14; Bankruptcy Rule 7005. The addition of three days represents a reasonable transmission time from date of mailing to date of receipt of the papers mailed, *Alford v. Continental Cas. Co.,* 376 F.Supp. 237 (D.C.Ky.1974), *aff'd on other grounds,* 525 F.2d 514 (6th Cir.1975), and restores to the responding party the three days presumed lost during transmission.

FRCP 12(a) requires an answer or a reply within twenty days of service of the summons or counterclaim regardless of the manner in which service had been effected. Bankruptcy Rule 7012(a), however, requires an answer to be served within 20 days after *issuance of the summons,* and requires a reply to a counterclaim within 20 days after its service. Therefore, under the Bankruptcy Rules, since the time for the answer to a complaint (which under rule 7004 is served together with the summons) is not measured from the date of service, it is not extended when the means of service is by mail. Anomalously, although this rational is totally without justification with regard to the reply whose time is measured from the service of the

counterclaim to which it is addressed, the rule is, nevertheless, made to apply.

"Process" is defined as "any means used by court to acquire or exercise its jurisdiction over a person or over specific property." *Black's Law Dictionary* 1084 (5th ed. 1979). Its purpose is to adequately notify the defendant that an action is pending so as to afford the defendant a full and adequate opportunity to defend against the same. *Intern Control Corp. v. Vesco,* 556 F.2d 665 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *Montclair Electronics, Inc. v. Electra/Midland Corp.,* 326 F.Supp. 839 (S.D. N.Y.1971); *see International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

■ That "process" refers to the summons, or to the summons together with the complaint, and that a counterclaim is not included within the meaning of that word is also evident from the manner in which the Federal Rules of Civil Procedure are organized.

■ FRCP 4 is entitled "process": it deals with the issuance, form, and service of a summons. FRCP 7 through 16, collectively entitled "Pleadings and Motions", deal with complaints, answers, crossclaims, counterclaims, replies and motions, but not summonses. It is clear, therefore, that both the Federal Rules of Civil Procedure and the Bankruptcy Rules which incorporate and otherwise refer to them both intended to maintain the traditional distinction between process and pleading: the former to obtain jurisdiction, the latter to apprise adversaries of the nature of the claims and defenses to be litigated.

As defendant's counterclaim does not come within the traditional definition of "process" and since the counterclaim contained in his answer was served by mail, the time within which plaintiff must reply was automatically increased by three days. As Bankruptcy Rule 7012(a) requires that a reply to a counterclaim be served within 20 days after service of the answer, or, as in this case, October 26, 1988, coupled with

the three additional days provided pursuant to Bankruptcy Rule 9006(f), the reply to the counterclaim must be served by or before Saturday, October 29, 1988. As the last day of the period within which to respond falls on a Saturday, Sunday or a legal holiday, the period shall run until the end of the next day which is not one of the aforementioned days, or, as in our case, Monday, October 31, 1988. Since the reply was filed and served on October 31, 1988, it was timely.

Accordingly, defendant's motion for summary judgment is denied.

With regard to plaintiff's objection that the counterclaim does not comply with Bankruptcy Rule 7008(a), in that there is no allegation that the proceeding alleged therein is "core", defendant shall have 20 days from the date of the docketing of the order to be entered hereon to file and serve an amended answer complying with that rule and any response thereto shall be filed and served in accordance with Bankruptcy Rule 7012.

SETTLE ORDER within 15 days.