**In re Randi Ellen FROUG, Debtor.**

**Gregory J. CYPHERS, Plaintiff,**

v.

**Randi Ellen FROUG, Defendant.**

Bankruptcy No. 1–88–02647.
Adv. No. 1–88–0195.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 27, 1989.

As Amended Aug. 1, 1989.

Nicholas L. Gerren, Jr., Dayton, Ohio, for defendant.

Charles M. Caldwell, U.S. Trustee, Cincinnati, Ohio.

Wayne P. Novick, Centerville, Ohio, for plaintiff.

## DECISION and ORDER ON DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

BURTON PERLMAN, Chief Judge.

This matter is before the court upon the debtor's Motion for Leave to Answer Out of Time and Motion to Vacate Default Judgment. Plaintiff has filed a memorandum in opposition to debtor's motion. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the court may hear and determine pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(L).

Plaintiff filed a complaint commencing this adversary proceeding and served defendant by ordinary mail. Defendant failed to answer in 30 days as required by Bankruptcy Rule 7012(a). Plaintiff filed a Motion for Default Judgment and a memorandum in support. That motion was granted. Defendant then filed the motion presently under consideration, together with a memorandum in support.

Defaults are controlled by F.R.Civ.P. 55 (Bankruptcy Rule 7055 in bankruptcy adversary proceedings) which states in part:

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided for in these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

\* \* \* \* \* \*

(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

\* \* \* \* \* \*

We must therefore look at F.R.Civ.P. 60 (made applicable in bankruptcy matters through Bankruptcy Rule 9024). It states in part:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

.  .  .  .  .

The Sixth Circuit has said that in considering a motion to set aside entry of a judgment by default the court must apply Rule 60(b) equitably and liberally to achieve substantial justice. *United Coin Meter v. Seaboard Coastline Railroad,* 705 F.2d 839, 844–846 (6th Cir.1983). In doing so, the courts have considered the following factors:

1. Whether the plaintiff will be prejudiced;
2. Whether the defendant has a meritorious defense; and
3. Whether culpable conduct of the defendant led to the default.

*United Coin Meter v. Seaboard Coastline Railroad, supra; Shepard Claims Service v. William Darrah & Associates,* 796 F.2d 190, 192 (6th Cir.1986). We examine the dimensions of each of these factors.

■ 1. Prejudice. Prejudice does not result from the mere delay in satisfying a plaintiff's claim. *United Coin Meter v. Seaboard Coastline Railroad, supra,* at 845. It must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *Invst Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir.1987). There is no reason to believe that plaintiff would suffer requisite prejudice. Thus, we conclude that the plaintiff would not be prejudiced by granting the relief defendant requests.

■ 2. Meritorious Defense. In order to establish the existence of a meritorious defense, this defendant needs only to make a presentation or proffer of evidence which, if believed, would permit either the court or the jury to find for the defaulting party, *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982). Likelihood of success is not the measure. *United Coin Meter v. Seaboard Coastline Railroad, supra.*

■ 3. Culpable Conduct. Whether culpable conduct of the defendant led to the default requires that the default was willful. *Id.* Therefore, to be excused, the conduct of the defendant must not be culpable, that is, the conduct of the defendant must not display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Shepard Claims Service v. William Darrah & Associates, supra.* There must be a factual showing of mistake, inadvertence, surprise, or excusable neglect. *Dolphin Plumbing Co. of Florida v. Financial Corp. of N.A.,* 508 F.2d 1326, 1327 (5th Cir.1975).

■ Defendant's memorandum admits that in the proceeding here at bar, defendant was duly served with the complaint, but did not file her answer until well after the time that answer was due. Defendant's counsel seeks to justify the failure to timely answer, and to show compliance with the above-detailed factors, by saying in his memorandum only that the failure to answer plaintiff's complaint within the time prescribed by the rules "is due to excusable neglect" and that defendant "has a meritorious defense" to the complaint.

Defendant' motion thus is couched solely in conclusory language. Defendant presents nothing more than the verbatim statutory language. *United States v. $55,-518.05 in U.S. Currency,* 728 F.2d 192, 196 (3rd Cir.1984). While there is a strong policy in favor of a trial on the merits, *Shepard Claims Service v. William Darrah & Associates, supra,* it is the court's duty to protect the integrity of the judicial process. *Dolphin Plumbing Co. of Florida v. Financial Corp. of N.A., supra.* Were we to allow the setting aside of a default judgment on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil Procedure, we would be establishing a new right, a right to set aside any default judgment automatically if counsel is diligent enough to quote the applicable statute or rule of civil procedure. *Id.* Defendant's statement alone that the failure to answer plaintiff's complaint within the time prescribed by the rules "is due to excusable neglect" and that defendant "has a meritorious defense" to the complaint is not enough to warrant the setting aside of an entry of default judgment. What is required is a factual showing of mistake, inadvertence, surprise, or excusable neglect. *Dolphin Plumbing Co. of Florida v. Financial Corp. of N.A., supra.*

Defendant's Motion for Leave to Answer Out of Time and Motion to Vacate Default Judgment is denied.

So Ordered.