**In re Malcolm ANTELL, Debtor.**

**Bankruptcy No. 91–24656F.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 23, 1992.

Jon M. Adelstein, Mitchell B. Gerson, Groen, Laveson, Goldberg & Rubenstone, Bensalem, PA, for debtor.

Gary E. McCafferty, Joseph Goldbeck, Jr., P.C., Philadelphia, PA, for Jefferson Bank.

## MEMORANDUM

BRUCE I. FOX, Bankruptcy Judge:

The debtor, Malcolm Antell, filed a motion on July 14, 1992 to vacate this court's order of June 30, 1992 and for the imposition of sanctions against counsel for a secured creditor, Jefferson Bank. The order of June 30, 1992 had granted Jefferson Bank relief from the automatic stay by default. Jefferson Bank opposes the motion to vacate, and for sanctions; the debtor is supported orally in its request by Bank Hapoalim, B.M.

A hearing was held on the debtor's motion, at which time all parties expressly declined to offer any evidence other than the admissions found in the pleadings filed in this particular contested matter. I shall exercise my discretion, though, under F.R.E. 201 (incorporated by Fed.R.Bankr.P. 9017) and take judicial notice of the docket entries in this bankruptcy case. Accordingly, I shall summarize the evidence of record.

### I.

The debtor filed a voluntary petition in bankruptcy under chapter 11 on August 30, 1991. On May 29, 1992, Jefferson Bank filed a motion for relief from the automatic stay. The evidence does not disclose the reason this relief was sought, but I would surmise that Jefferson asserted a secured claim and alleged that it had not received postpetition mortgage payments from the debtor. *See generally In re Skipworth*, 69 B.R. 526 (Bankr.E.D.Pa.1987); *In re Wright, Egan & Assocs.*, 60 B.R. 806 (Bankr.E.D.Pa.1986); *In re Keays*, 36 B.R. 1016 (Bankr.E.D.Pa.1984). *See also In re Shariyf*, 68 B.R. 604 (E.D.Pa.1986).

On June 3, 1992, I issued an order requiring an answer to Jefferson Bank's motion for relief, pursuant to Fed.R.Bankr.P. 9014 and Local Bankr.R. 9014.1. *See also* Local Bankr. Form 9014.1A. This order directed that any answer to the motion for relief be filed with the clerk of court and served upon counsel for the movant, Jefferson Bank. Specifically, the order provided that an answer be filed and served "within 15 days after service of this Order, exclusive of the date of service. If no answer is filed, an order may be entered granting the relief demanded in the motion." Debtor's motion, Ex. A, at ¶ 1. The Order also scheduled a hearing on the motion for relief from the automatic stay for June 29, 1992 at 9:30 A.M.[1]

The parties are in apparent agreement that on June 9, 1992, Jefferson Bank served the motion for relief, notice of hear-

---

1. Neither the debtor nor Bank Hapoalim contends that this notice, prepared by Jefferson Bank's attorney, was defective in that it appar-ently failed to provide the movant's attorney's address to which any answers were to be served. *See* Local Bankr. Form 9014.1A.

ing and order requiring answer upon the debtor.[2] (There was no evidence presented to show when the debtor received these documents.) The docket entries reflect that on Monday, June 29, 1992, Jefferson Bank filed a certification of no answer and sought judgment by default under Fed. R.Bankr.P. 7055 and 9014. Docketed later on the same date (June 29, 1992) is the debtor's answer in opposition to the motion for relief.

The debtor avers, and Jefferson Bank admits, that counsel for the debtor sent a copy of his answer to the motion for relief to counsel for Jefferson Bank, via facsimile machine, on Friday, June 26, 1992. Counsel for Jefferson Bank avers, however, that he was unaware of that service, as he was not in his office at the time of transmission; moreover, he also contends that he was unaware of service of this answer when he took default.

Counsel for Jefferson Bank admits, though, that on Friday, June 26, 1992 counsel for Bank Hapoalim, B.M. telephoned his office and then was sent via facsimile transmission a copy of Jefferson Bank's motion for relief. From this admission, it may fairly be inferred that it is more likely than not that Bank Hapoalim was not served with the motion or notice of hearing by Jefferson Bank prior to June 26, 1992.[3] This admission becomes relevant because the debtor asserts, although Jefferson Bank denies, that Bank Hapoalim holds a

"second mortgage on real estate against which Jefferson Bank seeks to foreclose...." Motion and Answer, ¶ 7. Thus, the debtor and Bank Hapoalim assert that Bank Hapoalim is an interested party upon which service should have been, but was not, properly effected. Local Bankr.R. 9014.1(g)(7).

■ As noted above, a hearing on Jefferson Bank's motion for relief had been scheduled for Monday, June 29, 1992. Counsel for the debtor appeared in court at the appointed time and date for the hearing, but as the record revealed no response to the motion, and as Jefferson Bank's counsel demanded default, no hearing was conducted. Instead, I granted the movant's request for relief from the stay, by default, by order dated June 30, 1992. *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185 (3d Cir. 1942) (when the defendant has failed to file a timely responsive pleading, the entry of default under Rule 55 is ministerial).[4]

On July 14, the debtor filed the instant motion "... to open the order of June 30, 1992...." The motion was served upon Jefferson Bank and Bank Hapoalim, B.M. on July 21, 1992. (Certificate of service filed by the debtor on August 14, 1992.)

In sum, the debtor presents two arguments from the above facts. First, he contends that Jefferson Bank had no basis to obtain relief by default because a timely

2. The debtor does not allege in his motion to reopen judgment that counsel for the movant failed to serve a copy of the motion, order requiring answer and notice of hearing within three business days of receipt from the clerk of the completed notice. Local Bankr.R. 9014.-1(c)(1). If the clerk mailed a copy of the order requiring answer and notice of hearing to Jefferson Bank's counsel on June 3, 1992, then he likely received it on or after June 4th and June 9th would be within the third business day from his receipt.

3. The movant's certificate of service, which was docketed as of June 9, 1992, and which would indicate upon whom or what entities service was made, was not offered into evidence by any party.

4. By virtue of 11 U.S.C. § 362(e), a motion for relief from the automatic stay must be sched-

uled and heard, at least preliminarily, within 30 days of filing unless the movant requests otherwise. *See In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693 (3d Cir.1989). If a respondent to the motion fails to file any timely answer and simply appears at the scheduled hearing, the movant would have no reason to be prepared to present evidence in support of its motion. Thus, to permit a respondent to oppose the motion under those circumstances would almost compel the movant to seek a postponement and thereby waive its right to hearing within thirty days. Accordingly, within the statutory framework of section 362, it is often fairer to enter relief from the stay by default (at least preliminarily) and then address any motions for reconsideration or to set aside the default if they arise, such as in this instance.

I also note that the debtor never made any request to treat the June 29th hearing as a preliminary hearing under section 362(e).

answer had been filed. Second, he argues that Jefferson Bank, knowing that it was not entitled to default, wrongfully sought default nonetheless (thus warranting the imposition of sanctions against it). Bank Hapoalim contends that no relief should have been entered without proper notice as to it. For the following reasons, I conclude that the debtor is entitled to have the default set aside by virtue of Fed.R.Bankr.P. 9024 (incorporating Fed.R.Civ.P. 60), but is not entitled to sanctions.[5]

## II.

First, I note that the debtor does not state with particular clarity the procedural rule upon which he moves to have this court "open the judgment" of June 30, 1992. I shall therefore analyze the debtor's request for relief in terms of the two procedural means by which it appears the debtor could raise this request.

■ To the extent the motion could be considered as one made for reconsideration pursuant to Fed.R.Bankr.P. 9023 (incorporating, *inter alia*, Fed.R.Civ.P. 59(e)), I find that the debtor's motion is untimely. This rule requires that motions to alter or amend the judgment be *served* within ten days of the entry of an order. This requirement is jurisdictional, and cannot be extended in the discretion of the court. *E.g., Smith v. Evans*, 853 F.2d 155, 157 (3d Cir.1988). Here, the motion to open the June 30, 1992 order was filed on July 14, 1992 and served on July 21, 1992, well beyond the ten day period allowed by Rule 9023. Therefore, I have no authority to reconsider that order. *Compare In re Zawisza*, 73 B.R. 929, 931 n. 1 (Bankr.E.D.Pa. 1987) (Scholl, B.J.) (even if answer to motion to dismiss was late, court had discretion to vacate the order entered by default upon a timely request for reconsideration).

The debtor's motion may also be understood, however, as requesting relief pursuant to Fed.R.Bankr.P. 7055 and 9024, which incorporate Fed.R.Civ.P. 55 and 60. As such, I find the motion is presented in a timely manner. *Accord, e.g., In re Mapson*, 93 B.R. 161, 166 (Bankr.C.D.Ill.1988); 6 *Moore's Federal Practice* § 55.10[1] at 55–53 (2d ed. 1992). *Cf. In re Juil, Inc.*, 52 B.R. 343 (Bankr.E.D.Pa.1985).

■ The standard for reopening a default judgment pursuant to Fed.R.Civ.P. 60(b) is *generally* defined by three factors in this circuit.[6] These factors include whether Jefferson Bank would be substantially prejudiced if the judgment were opened; whether the defaulting party, the debtor, has a "facially meritorious" defense; and whether culpable conduct of the debtor led to the default. *E.g., Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir.1983); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *Reid v. Liberty Consumer Discount Co.*, 484 F.Supp. 435, 438 (E.D.Pa. 1980); *In re Brasby*, 109 B.R. 113, 125 (Bankr.E.D.Pa.1990). The burden rests upon the debtor as movant to show that all three factors are satisfied. *Gross v. Stereo Component Systems, Inc.*, 700 F.2d at 124.

■ In this instance, to be afforded relief under most provisions of Rule 60(b) or Rule 55(c), the debtor must demonstrate that it had a facially meritorious defense to the motion for stay relief filed by Jefferson Bank. *E.g., Gross v. Stereo Component Systems, Inc.; In re Brasby*. At best, the only evidence on this point is found in paragraph 8 of his motion to open, in which the debtor states that he has many good defenses to the Motion [for relief from stay], including but not limited to the following:

A. Debtor's Plan of Arrangement is due to be filed with this Court within two (2) weeks, and Jefferson Bank will not be prejudiced by waiting until the Debtor's Plan of Arrangement is confirmed or denied.

---

5. Resolution of the instant motion "to open" was delayed by the parties' request that they be permitted time to resolve this dispute consensually. The parties were unable to reach a settlement and have submitted memoranda.

6. As will be discussed below, these three factors do not apply when considering relief under Rule 60(b)(4).

B. Since the Petition in Bankruptcy was filed, Debtor has been paying to Jefferson Bank the sum of One Thousand Dollars ($1,000) per month to be applied to the mortgage. While these payments are less than the monthly amount required thereunder, they are sufficient so that the total debt owing to Jefferson Bank is not materially greater than it was at the time the original Petition for Relief was filed.

This is the only "evidence" offered on issue of the debtor's ability to prevail on the merits, and Jefferson Bank denies these averments as a "conclusion of law." Answer to Motion, ¶ 8. Even if I accept as true the factual allegations made by the debtor in its motion to open, *see In re Mapson*, 93 B.R. at 166 (that the requisite showing of a meritorious defense may be made by a defaulting party through allegations in its motion), his unsupported conclusions as to adequate protection are insufficient by themselves to establish that the debtor has a meritorious defense to Jefferson Bank's motion to lift the stay. *See generally In re Froug*, 100 B.R. 966, 968 (Bankr.S.D.Ohio 1989), *citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 196 (3d Cir.1984). *See 6 Moore's Federal Practice* § 55.10[1] at 55–54 and n. 16 (2d ed. 1992).

Courts in this district have held that evidence of a debtor's postpetition default in mortgage payments meets the mortgagee's initial burden of production in establishing "cause" for relief under section 362(d)(1). *Accord, e.g., In re Skipworth; In re Wright, Egan & Assocs.; In re Keays.* Here, the debtor is conceding that it has not tendered all postpetition payments due Jefferson Bank under its mortgage.

■ This does not mean that if a debtor fails to tender such postpetition payments to a mortgagee the secured creditor must be granted relief from the stay. Evidence of a postpetition delinquency only means that the debtor must then come forward with evidence demonstrating that the mortgagee's secured interest is adequately protected. *E.g., In re Skipworth.* That is, the burden then shifts to the debtor, by

virtue of section 362(g)(2), to demonstrate that the secured interest of Jefferson Bank is adequately protected. *E.g. In re Skipworth.*

■ Such adequate protection may be provided in a variety of ways. 11 U.S.C. § 361. Among them are: the existence of an equity cushion, *accord, e.g., Commonwealth of Pennsylvania State Employees' Retirement Fund v. Roane*, 14 B.R. 542 (E.D.Pa.1981); a replacement lien on other unencumbered property, 11 U.S.C. § 361(2), *see, e.g., In re Ahlers*, 794 F.2d 388, 398 (8th Cir.1986), *rev'd on other grounds*, 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); cash payments to the secured creditor, 11 U.S.C. § 361(1), *see, e.g., In re McKillips*, 81 B.R. 454, 458–59 (Bankr. N.D.Ill.1987); or a viable plan of reorganization which meets the debtor's statutory obligations to the secured creditor. *See In re Philadelphia Consumer Discount Co.*, 37 B.R. 946, 949 n. 9 (E.D.Pa.1984); *In re Skipworth.*

The debtor suggests in its motion that his proposed plan of reorganization adequately protects the mortgagee's interest. However, he offers no evidence of the terms of the plan or its feasibility; thus, one cannot conclude that it adequately protects any secured creditor interest. (Indeed, just recently, confirmation of that plan was denied.)

Similarly, he implies that postpetition monthly payments of $1,000.00 adequately protects the secured interest of Jefferson Bank under section 361(1). On this record there is no way to determine whether this is correct. For example, the collateral may be depreciating at a rate greater than the monthly payments made; the creditor may be undersecured, and no viable plan of reorganization may be possible; or there may be senior liens (*i.e.*, tax liens) which may arise from the partial postpetition mortgage payments.

Therefore, I am compelled to conclude that the debtor has not met his burden in connection with this motion to "open" the default judgment to show that he had a "facially meritorious" defense. *See Reid v. Liberty Consumer Discount Co.; In re*

*Mapson.* I make this conclusion with recognition of the judicial policy in favor of deciding cases on their merits, *e.g., Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir.1984); *In re Owens,* 67 B.R. 418 (Bankr.E.D.Pa. 1986); *In re Froug.* Unfortunately for this debtor, his mere assertion in a motion to reopen judgment that he has provided adequate protection for the secured interest of Jefferson Bank is simply insufficient, by itself, to justify the exercise of my discretion to open the default. *Cf. In re Earle Industries, Inc.,* 67 B.R. 822 (Bankr. E.D.Pa.1986).

### III.

This conclusion, though, does not end the inquiry. Even if the debtor does not demonstrate a meritorious defense, he would be entitled to have the default order vacated if the order was "void" within the meaning of Rule 9024 (incorporating Rule 60(b)(4)). *E.g., Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.,* 811 F.2d 278, 280 (5th Cir.1987) ("In the case of a void judgment, Rule 60(b)(4) does not require [defendants] to establish a meritorious defense"); J. Moore, 7 *Moore's Federal Practice,* ¶ 60.25[2] at 60–224 (2d ed. 1992).

■ Whether a judgment is void is "narrowly restricted," and generally refers to the valid exercise of jurisdiction over the parties and the subject matter. J. Moore, 7 *Moore's Federal Practice,* ¶ 60.25[2] at 60–225 (2d ed. 1992). However, in this circuit, the Court of Appeals has recognized that relief under Rule 60(b)(4) is required when the default judgment was not "authorized":

> Obviously, if the default judgment was improperly entered, the district court erred as a matter of law in refusing to set it aside.

*Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir.1985).

In *Gold Kist,* a default judgment was set aside, even though no evidence of a meritorious defense was established of record, when "the time for filing an answer had not expired, and because there was no evidence that the complaint was properly served...." *Id.,* at 19.

Without expressly so stating, the debtor focuses his arguments on these two issues, though principally the first. He argues that default was wrongfully entered inasmuch as he had filed a timely answer to the motion for stay relief. He also suggests that service of the motion for relief was improper because another lien creditor, Bank Hapoalim, was not served until just prior to the hearing date.

These two issues are, unfortunately, complicated, and the parties have offered little assistance in their resolution.

#### A.

The national bankruptcy rules decree that no answer to a motion need by filed unless expressly ordered by the bankruptcy court. Fed.R.Bankr.P. 9014. As noted above, an order requiring answer to Jefferson Bank's motion for relief was issued, which order directed that an answer in opposition be filed and served "within 15 days of service of the order," not counting the day of service. The language of this order has been in use in this district since at least August 1985, and the order's language comports with the local rules of court. Local Bankr. Form 9014.1A.

Since service of the motion for relief and order requiring answer was made by first class mail on June 9, 1992, fifteen days therefrom would be June 24, 1992. Clearly, no answer was filed or served on or before that date. Instead, the debtor's answer was served on June 26, 1992, and filed on June 29, 1992.

Critical to the instant dispute is the debtor's argument (and Jefferson Bank's disputation) that since service of the lift stay motion was effectuated by mail, Fed. R.Bankr.P. 9006(f) requires that three additional days be added to the answer deadline. Three additional days would place the deadline at June 27, 1992. Since June 27th was a Saturday, the provisions of Fed. R.Bankr.P. 9006(a) would extend the answer deadline to the following Monday, June 29, 1992. *See, e.g., Frey v. Woodard,* 748 F.2d 173 (3d Cir.1984); *In re Kaelin Associates Electrical Const., Inc.,* 70 B.R. 412 (Bankr.E.D.Pa.1987). Therefore, if

Rule 9006(f) applies the debtor filed a timely response to Jefferson Bank's lift stay motion and no default should have been entered.

Specifically, Rule 9006(f) states:

Additional Time After Service by Mail. When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

It is well noted that Bankr.R. 9006(f) has as its analog in the Federal Rules of Civil Procedure the provisions of Rule 6(e); indeed, subsection 9006(f) is essentially an adaptation of Rule 6(e). Advisory Committee Note (1983). *See Matter of Robintech, Inc.*, 863 F.2d 393, 395 (5th Cir.), *cert. denied*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989); *In re Allegheny Intern., Inc.*, 93 B.R. 910, 912 (Bankr. W.D.Pa.1988); *In re Kaelin Associates Electrical Const., Inc.*[7]

### B.

In considering whether the debtor here was entitled to three additional days from the date of service to respond to the motion for relief, it is important to recognize that Rule 9006(f) does not apply in all instances of service by mail. Some decisions discuss this issue in the context of Fed.R.Civ.P. 6(e). *See, e.g., Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251 (3d Cir.1986); *Youngson v. Lusk*, 96 F.Supp. 285 (D.Neb.1951). Others discuss it in the context of Rule 9006(f). *See, e.g., Matter of Robintech, Inc.*

■ Courts recognize that the applicability of the three day extension turns upon whether the event which begins the time period within which a party may act is the act of service itself, accomplished by mailing, or whether the deadline commences by operation of some other event. *See* L. King, 9 *Collier on Bankruptcy*, ¶ 9006.10 at 9006-26 (15th ed. 1992). Generally, where service is to be accomplished by mail

and notice is effective upon service, then the provisions of Rule 6(e) and Rule 9006(f) are employed. *See In re Brody*, 97 B.R. 158 (Bankr.E.D.N.Y.1989) (deadline for responding to a counterclaim is triggered by mailing of pleading and so is extended three days); *In re Southern Indus. Banking Corp.*, 87 B.R. 518, 522-23 (Bankr. E.D.Tenn.1988) (where prejudgment interest begins upon demand, and demand is made by mail, the three day extension provision applies). However, where the time period for taking some sort of action begins to run from an event other than service, Rule 6(e) is said to not extend the time within which to act. This difference is illustrated by a decision of the Third Circuit Court of Appeals, which addressed the scope and application of Rule 6(e) in *Mosel v. Hills Department Store, Inc.*

In *Mosel*, the Court of Appeals was asked to review the district court's dismissal of a lawsuit as having been filed untimely. There, the plaintiff had received a right-to-sue letter from the Equal Opportunity Commission; the relevant legislation mandated the filing of suit within 90 days of *receiving* such letter, not from the date of mailing of the letter. The plaintiff filed suit 91 days after receiving this letter, and contended that this filing was timely as Rule 6(e) extended the 90 day period.

The court disagreed with the plaintiff's suggested application of this rule. It noted that the time within which a party may file such a complaint is calculated from the time the plaintiff has notice of the EEOC decision; this occurs on the date the party received a right-to-sue letter. *Mosel*, at 252. Rule 6(e) was inapposite, then, because "[i]t applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail." *Id.*, at 253.

Where a time period is measured from the occurrence of an event other than ser-

---

7. Thus, cases analyzing Rule 6(e) are informative to the present discussion. *In re Allegheny Intern., Inc.*

vice by mail, then, the rule will not serve to extend the time to act. *Id. Accord, e.g., Sofarelli Assocs, Inc. v. United States*, 716 F.2d 1395 (Fed.Cir.1983) (Rule 6(e) does not apply when the time to act begins with entry of judgment rather than the service of a document); *Lashley v. Ford Motor Co.*, 518 F.2d 749 (5th Cir.1975) (same); *In re Quevedo*, 35 B.R. 117 (D.P.R.1983) (deadline established by Fed.R.Bankr.P. 8009 is not extended by Rule 9006(f)); *Pizzichil v. Motors Ins. Corp.*, 90 F.R.D. 119 (E.D.Pa.1981) (as time within which to file demand for trial de novo triggered by the filing of arbitrators' award, Rule 6(e) cannot be invoked to extend the time within which party can file); *Wiss v. Weinberger*, 415 F.Supp. 293 (E.D.Pa.1976); *In re Santos*, 112 B.R. 1001 (9th Cir.BAP 1990) (deadline for filing nondischargeability complaint set by bankruptcy rule is not extended although notice of the deadline is provided by mail); *In re Allegheny Intern., Inc.* (as deadline for filing proof of claim was established by order of court, service date of a notice did not trigger the running of a prescribed time period, and Rule 9006(f) not applicable).

Here, the deadline for filing an answer to the lift stay motion was set by my order dated June 3, 1992, which states that an answer must be served upon debtor's counsel and filed within 15 days of service of the order. Where service was admittedly accomplished by mail, thus triggering the deadline for a response, the better construction is to conclude that the provisions of Rule 6(e), incorporated by Fed. R.Bankr.P. 9006(f), serve to grant the debtor an additional three days within which to answer Jefferson Bank's motion for stay relief. *Accord In re Stone*, 119 B.R. 222, 224 n. 3 (Bankr.E.D.Wash.1990) (answer period to motion to void lien, since served by mail, extended three additional days pursuant to Rule 9006(f)).

This result differs from that reached in *In re Barnhart*, 134 B.R. 580 (Bankr. W.D.Tex.1991), a case which must be distinguished due to the different controlling case law in that circuit. In *Barnhart*, the bankruptcy court noted that the court's local rule establishing "negative notice" for a motion for stay relief, in language similar to Local Bankr.R. 9014.1 in this district,[8] "appears to create the very sort of" right or requirement described in Rule 9006(f). *Id.*, at 582. The bankruptcy court held, however, that Rule 9006(f) would not be applied in that situation since the Fifth Circuit has determined that if all parties are served by mail, the mailbox rule, Rule 6(e), will not apply and all responsive pleadings will have to be filed within the prescribed period without the addition of three days. *Matter of Robintech, Inc.*

Whether the *Robintech* analysis is correct, and if correct, whether it was properly applied in *Barnhart*, is not now in issue.[9] A similar construction of Rule 6(e) has not been adopted by the Third Circuit and is not urged by any party to this dispute.

Therefore, since the order requiring an answer to Jefferson Bank's motion for relief established a response deadline not from the date of the order, or from the date of receipt, but from the date of service—*i.e.*, mailing—this contested matter falls within the first element established by

---

**8.** The order at issue in that case directed as follows: "An order will be entered granting the relief requested herein without further hearing unless a written objection and request for hearing is filed with the clerk within twenty (20) days of the date of issuance of this notice." When this language is incorporated into a motion, pursuant to that court's local rules, the "date of issuance" is the date of mailing indicated in the movant's certificate of service. *In re Barnhart*, 134 B.R. at 582 and n. 2.

**9.** The Fifth Circuit in *Robintech* concluded that the extension provided by Rule 9006(f) does not apply when all parties receive notice of the claims bar date by mail. Here, of course, Jefferson Bank received a mailing from the clerk of court scheduling a hearing with an order requiring an answer; and, as movant it had a duty under our local rules to then serve notice upon all other parties. Local Bankr.R. 9014.1. Although all parties have received some notice by mail, this is not the universal mailing referred to by *Robintech*.

Instead, the Fifth Circuit was considering a single mailing from the clerk of court to all creditors, advising them of the proof of claim bar date. In such a circumstance, the deadline for acting is very likely to be independent of the date of the mailing.

Rule 9006(f). *See Mosel v. Hills Department Store, Inc.*

## C.

Even though the response deadline to the motion for relief was triggered by the event of service by mail, Bankruptcy Rule 9006(f) does not, by its express terms, extend the time to answer pleadings served by mail which are "process," such as a summons and complaint. *GIHLS Properties, Inc. v. United States*, 1988 WL 406117, *2, 1988 Bankr.Lexis 1464, *4 (Bankr.M.D.Fla.1988); *In re Brody*, 97 B.R. at 160. *But see In re Johnson*, 105 B.R. 806, 807 n. 1 (Bankr.N.D.Tex.1987) ("[t]he Summons is probably a "process" referred to in Rule 9006(f) for which the additional three days is *not* allowed, but for purposes of this case, the Court will assume that the additional three days is allowed") (emphasis in original); *In re Cape Cod Inn, Ltd.*, 1987 Bankr.Lexis 1798 (Bankr.S.D.Ohio 1987) (without discussing whether a complaint which initiated an adversary proceeding was "process," held that answer to the complaint was allowed an additional three days for filing due to Bankr.R. 9006(f)).

▮ Examples of pleadings whose service amounts to service of process are involuntary bankruptcy petitions, accompanied as they are by a summons, *In re Johnson*, 105 B.R. at 807 n. 1, and adversary proceedings which, by virtue of Fed.R.Bankr.P. 7004(a), are commenced by service of a complaint and summons. *See, e.g., In re Carlton*, 72 B.R. 543 (Bankr. E.D.N.Y.1987).

▮ The question then becomes whether service of a bankruptcy contested matter—*i.e.*, a motion—constitutes service of "process" within the meaning of this procedural rule. If it constitutes process, Rule 9006(f) would not then apply.

Jefferson Bank implicitly suggests that service of a motion for relief with an order requiring answer and notice of hearing is "process" within the meaning of Rule 9006(f). The debtor implicitly counters to the contrary. On balance, I conclude, for the reasons that follow, that such service

does not constitute "process," for purposes of Fed.R.Bankr.P. 9006(f), and that the mailbox provisions of that rule apply to the contested matter *sub judice*.

▮ "Process" as used in Rule 9006(f) appears to refer to the issuance of summons. When a pleading is not accompanied by a summons and is served by mail, courts generally conclude that the deadline for a response thereto is extended by three days. *See generally Hershey v. United States*, 1991 WL 80326, *2, 1991 U.S.App. Lexis 10366, *5–6 (9th Cir.1991) (noting that the Federal Rules of Civil Procedure are silent as to the time within which to answer a motion, that by local rule an opposing party "shall have 15 days after service ... within which to file and serve a memorandum of points and authorities in opposition to the motion," and stating that Fed.R.Civ.P. 6(e) added three days in this case, as the motion was served by mail); *In re Brody*, 97 B.R. at 160 (service of a counterclaim is not process).

The significance of a summons is derived from the long-standing notion that "process" is the means by which a court initially gains jurisdiction over a person, entity, or specific property. *In re Brody*, 97 B.R. at 160. *See Lessee of Ambrose Walden v. Craig's Heirs*, 39 U.S. 147, 154, 10 L.Ed. 393 (1840); *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 443–44 (5th Cir.), *cert. denied*, 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979). When actions were commenced by original writ (instead of by summons, as at present) the method of compelling the defendant to appear was by what was termed "original process," being founded on the original writ. "Original" process was so denominated so as to distinguish it from "mesne" process, which was any writ or process issued between the commencement of the action and the suing out of execution. *See Lehman v. Lycoming County Children's Services*, 648 F.2d 135, 149 n. 15 (3d Cir.1981), *aff'd*, 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982) (a writ of habeas corpus "cannot be construed as a mesne process ... that is utilized solely to facilitate the already-existing jur-

isdiction of a federal court"); *Washington v. Norton Mfg., Inc.*

██ In the context of a bankruptcy case, the debtor is subject to this court's jurisdiction to resolve contested matters (*viz.*, motions under Rule 9014) by virtue of his filing a voluntary petition in bankruptcy. *See also In re Lion Country Safari, Inc.*, 124 B.R. 566, 572 (Bankr.C.D.Cal. 1991) (debtor waives right to trial by jury in bankruptcy court by voluntarily subjecting itself to the court's equity jurisdiction). And the motion for relief from the automatic stay filed against the debtor seeks to act upon property already subject to the court's jurisdiction by virtue of 28 U.S.C. § 1334(d) and to undo an injunction which arose by statute upon the filing of the bankruptcy petition. Further, by virtue of this court's jurisdiction over property, which arose at the time of the commencement of the case, jurisdiction exists over those asserting an interest in the property. *See, e.g., Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878); *In re Joint Eastern & Southern Dist. Asbestos Lit.*, 129 B.R. 710, 798 (E. & S.D.N.Y.1991).

The service of a contested matter, such as a motion for relief from the stay, therefore does not confer personal or subject matter jurisdiction. Rather, a motion for stay relief might be better analogized to a "mesne" process, as it concerns not the obtaining of jurisdiction over the debtor or property of the debtor but rather the determination of the scope of an injunction involving estate property already subject to the court's jurisdiction. *Cf. In re Johnson*, 756 F.2d 738 (9th Cir.), *cert. denied*, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985) (motion to lift the stay is not an "action on a contract" within the meaning of California law); *In re Schwartz*, 68 B.R. 376 (Bankr.E.D.Pa.1986) (motion for relief from the automatic stay is not a "foreclosure or other legal action" within the meaning of Pennsylvania law).

Of course, a request for relief from the stay formerly was initiated as an adversary proceeding accompanied by a summons. Former Rule of Bankruptcy Procedure 701. *See, e.g., In re Bullock*, 11 B.R. 73 (Bankr.

E.D.Va.1981); *In re Rutter*, 9 B.R. 878 (Bankr.E.D.Pa.1981). And Rule 9014 refers to the method of service of a contested matter as identical to the manner of serving a summons and complaint. Thus, one commentator discusses the possibility that service of a motion for relief from the automatic stay might constitute "process," for purposes of Bankr.R. 9006(f):

> In proposing the 1991 Amendments, the Advisory Committee rejected efforts to amend Paragraph (f) to clarify or delete the provisions of this Rule. For example, there is some confusion as to the applicability of this Rule to other notice periods under the Rules such as Rule 4001 regarding notice of motions [including motions for relief from stay] and settlement agreements and Rule 2002(b) regarding notice of objections to disclosure statements and plans. Notwithstanding the general view of the Committee that Paragraph (f) should not apply in those situations, the matter was not addressed by the 1991 Amendments.

Lieb, 6 *Norton Bankruptcy Law and Practice*, Rule 9006, Editor's Comment at 604 (1992). That is, according to this author, Rule 9006(f) is ambiguous as to whether its provisions apply to service by mail of motions for relief from the automatic stay; and, the Advisory Committee "general[ly] view[ed]" that the mailbox provisions would not apply to motions for relief. However, Rule 9006(f) itself does not exclude contested matters from its application and the Advisory Committee has rendered no official comment on the point.

██ The few bankruptcy courts that have addressed this precise issue have concluded that service of a contested matter by mail under Rule 9014—*i.e.*, service of a motion—is not service of process and so the three day addition found in Rule 9006(f) applies. *See In re Stone*, 119 B.R. 222, 224 n. 3 (Bankr.E.D.Wash.1990). *See also In re Zawisza* (stating the possibility that a contested matter is not process). Furthermore, there is a general principle that the procedural rules relating to computation of time are to be construed liberally so as to permit the parties the broadest opportunity

for an adjudication of contested issues on the merits. *See generally Anderson v. Stanco Sports Library, Inc.*, 52 F.R.D. 108 (D.S.C.1971); *Wirtz v. Local Union 611, Intern. Hod Carriers' Bldg.*, 229 F.Supp. 230 (D.Conn.1964).

The phrasing of the local order in this district requiring an answer to a contested matter was probably intended, although not with clarity, to permit the respondent 15 days from receipt of the motion to file an answer thereto, not 15 days from the date of mailing. The three day extension of Rule 6(e) was based upon the assumption that receipt of the mail averages three days. *See, e.g., Matter of Robintech, Inc.*, 863 F.2d at 395; *Mosel v. Hills Dept. Store, Inc.*, 789 F.2d at 253; *Kessler Institute for Rehabilitation v. NLRB*, 669 F.2d 138, 140–41 (3d Cir.1982).

Accordingly, though not free from doubt, I conclude that the provisions of Rule 9006(f) applied to the Jefferson Bank's service by mail of its motion for relief from the stay. The motion itself was not process and service by mail triggered the deadline for a response. Therefore, the debtor here filed a timely response to Jefferson Bank's lift stay motion and default was taken prematurely.

### D.

■ The next question is whether the failure of Jefferson Bank to serve Bank Hapoalim represents a defect in service. Federal Rule of Bankruptcy Procedure 4001(a) requires, in a chapter 11 case such as this, that service of the motion for relief from the stay must include service upon the authorized agent of any official committee of creditors and, if there be no such committee, the largest unsecured creditors. Here, there is no official creditors committees; and the debtor avers that Bank Hapoalim holds a secured claim. If so, then the provisions of Rule 4001(a) have not been violated.

■ But Rule 4001(a) also states that service of the motion shall also be made upon "such other entities as the court may direct." Local Bankruptcy Rule 9014.1(c) requires service of all motions upon "all

interested persons"; that phrase is defined in local rule 9014.1(g) to include:

(7) Any person whose interest would be directly, materially and adversely affected if the relief requested in the motion were granted and whose interests are not adequately represented by persons on whom service is otherwise required.

Again (as with the issue of "process"), whether this local rule requires service of a motion for relief from the stay filed by a first mortgagee upon a subordinate lienholder is a close question. Under Pennsylvania law, a foreclosure by a first mortgagee divests all subordinate mortgagees of their lien rights. 42 Pa.C.S.A. § 8152. Indeed, the Pennsylvania rules of procedure require that notice of an impending foreclosure sale be served upon all lienholders so that they may protect their interests at the foreclosure sale (by bidding, for example). Pa.R.Civ.P. 3129.1. *See, e.g., Beneficial Mut. Sav. Bank v. Murray*, 30 D. & C.3d 115 (Del.Co.1984).

Thus, the interests of a subordinate mortgagee may be adversely affected by the foreclosure sale process. And such a sale cannot occur after bankruptcy until the automatic stay has been lifted. Accordingly, Bank Hapoalim may be an interested party to the lift stay motion filed by Jefferson Bank.

Conversely, though, such lienholders need not, under state law, be served with the foreclosure complaint, or be made a party to the complaint. Pa.R.Civ.P. 1144. Thus, there may be no adverse interest held by a subordinate mortgagee in the foreclosure process until a sale is to be scheduled. Moreover, the debtor—as homeowner here—may adequately protect the interest of other lienholders in opposing the motion within the meaning of local rule 9014.1(g)(7), particularly if there is equity in the property.

Not only is construction of Rules 4001(a) and 9014.1(g)(7) difficult in this context, but other factors may be relevant. For example, did Bank Hapoalim request notice of motions under Fed.R.Bankr.P. 2002? Rather than conclude on this scanty record

and without any analysis from the parties that all secured creditors are entitled to be served with motions for relief from the stay in all instances, I will conclude only that when a movant obtains a default judgment on a motion for relief from the stay prior to the expiration of the answer period (without a formal motion for default judgment under Rule 55, as is permitted by our local rules) and the issue of proper service is unclear, then relief under Rule 60(b)(4) is warranted. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d at 19.

Accordingly, this court's order of June 30, 1992 will be vacated and a hearing on the motion scheduled. In so ordering I do not now pass upon the implications, if any, of 11 U.S.C. § 362(e). *See In re Wedgewood Realty Group, Ltd.,* 878 F.2d 693 (3d Cir.1989). Jefferson Bank may or may not presently have relief from the stay depending upon whether the conduct of Jefferson Bank constituted an effective waiver of its right to have a hearing on its motion within thirty days of filing. Again, the parties do not address this point at all, and an analysis of the issue is unnecessary to a resolution of the precise motion before me.

## IV.

■ Finally, the debtor asks that I impose sanctions on counsel for Jefferson Bank, pursuant to Fed.R.Bankr.P. 9011, for having filed with the court a certificate of no response to its motion before the time to answer had lapsed. And indeed, I have concluded that the provisions of Bankr.R. 9006(f) are applicable, and that the debtor's answer to Jefferson Bank's motion for relief was filed timely. I therefore also conclude that counsel's certificate of default to his left stay motion was filed prematurely. However, I find that the imposition of sanctions against Jefferson Bank are not warranted.

■ The touchstone for Rule 11 sanctions is counsel's failure to make a reasonable inquiry into the facts being represented. *Business Guides v. Chromatic Comm. Enterprises,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Sanctions may be imposed if the party's position was "patently unmeritorious or frivolous." *Dura Systems, Inc. v. Rothbury Investments, Ltd.,* 886 F.2d 551 (3d Cir.1989), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 844, 107 L.Ed.2d 838 (1990). *See In re Gioioso,* 979 F.2d 956 (3d Cir.1992); *Landon v. Hunt,* 977 F.2d 829 (3d Cir.1992). *See also Napier v. Thirty or More Unidentified Federal Agents,* 855 F.2d 1080 (3d Cir. 1988). The standard for testing conduct is reasonableness under the circumstances. *Gaiardo v. Ethyl Corp.,* 835 F.2d 479 (3d Cir.1987); *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535 (3d Cir. 1985).

I note, and the above discussion illustrates, that Jefferson Bank's position with regard to the debtor's time to respond, although erroneous, was not without support. *See* Lieb, 6 *Norton Bankruptcy Law and Practice,* Rule 9006, Editor's Comment at 604 (1992). This factor alone yields the conclusion, given the above standards, that sanctions are unwarranted. Moreover, there is no evidence of record that counsel knew prior to the hearing and his request for default that the debtor sought to oppose the motion. Accordingly, debtor's request for sanctions must be denied.

An appropriate order shall be entered.

## ORDER

AND NOW, this 23rd day of November, 1992, for the reasons stated in the accompanying memorandum, it is hereby ordered that:

1. This court's order of June 30, 1992 granting Jefferson Bank relief from the automatic stay by default is vacated pursuant to Fed.R.Bankr.P. 9024;

2. The debtor's motion for sanctions against counsel for Jefferson Bank is denied;

3. A hearing on Jefferson Bank's motion for relief from the stay shall take place in Bankruptcy Courtroom # 1 on December 14, 1992 at 9:30 A.M. Jefferson Bank shall serve all lienholders with a copy

of its motion and a copy of this order on or before December 1, 1992.