**In re Robert A. JOHNSON, Debtor.**

**Bankruptcy No. 287–20305.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Sept. 11, 1987.

M. Bruce Peele, Brice & Mankoff, Dallas, Tex., for debtor.

Don Sunderland, Gibson, Ochsner & Adkins, Amarillo, Tex., for Bank.

## MEMORANDUM OF OPINION CONCERNING MOTION TO SET ASIDE ORDER OF RELIEF

JOHN C. AKARD, Bankruptcy Judge.

On May 18, 1987, The First National Bank of Amarillo (Bank) filed an Involuntary Petition in Bankruptcy against Robert A. Johnson (Johnson). The Petition alleged that Johnson was generally not paying his debts as they became due and that he had fewer than twelve creditors.

On May 18, 1987, the Clerk of this Court issued a Summons to the Debtor and delivered it to the Bank's attorney for service. On May 19, 1987, the Bank's attorney mailed by first class mail a copy of the Summons together with a copy of the Petition to Johnson at 3620 Greenbriar, Dallas, TX 75225–5105. Johnson does not dispute that this is his usual place of abode.

On May 19, 1987, the attorney for the Bank also mailed a copy of the Summons and a copy of the Petition to Johnson at the same address by Certified Mail, Return Receipt Requested. The return card was signed by Johnson indicating delivery on May 28, 1987.

No response was filed by Johnson and on June 15, 1987, this Court signed an Order for Relief which was entered on June 16,

1987. On June 17, 1987 Johnson filed an Answer to the Petition.

The Bank asserts, and it is not disputed by Johnson, that copies of the Summons and Petition were delivered to M. Bruce Peele, the attorney for Johnson, by telecopy transmission on May 18, 1987.

## Issue

The issue is whether the Answer of Johnson was timely filed.

## Discussion

Bankruptcy Rule 1010 provides that upon the filing of an Involuntary Petition, the Clerk shall forthwith issue a Summons for service on the debtor. The Summons and a copy of the Petition are to be served in the manner provided for service of Summons and Complaint by Bankruptcy Rule 7004(a) or (b). Bankruptcy Rule 7004(b) provides in pertinent part as follows:

(b) *Service by First Class Mail.* In addition to the methods of service authorized by Rule 4(d) F.R.Civ.P., *service may be made* within the United States by first class mail postage prepaid as follows:

(1) Upon an individual other than an infant or incompetent, *by mailing* a copy of the summons and complaint to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession.... (Emphasis added.)

Also applicable are Bankruptcy Rules 9006(e) and (f) which read:

(e) *Time of Service.* Service of process and service of any paper other than process or of notice by mail is complete on mailing.

(f) *Additional Time After Service by Mail.* When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

The Summons in this matter substantially conformed to Official Bankruptcy Form No. 13 and provided that Johnson was to file a Motion or Answer "to the petition which is *herewith served upon you,* within 20 days after service of this summons upon you. If you fail to do so, the order for relief will be entered." (Emphasis added.)

There are two possibilities concerning service in this matter:

1. The first is that service is complete upon mailing and thus, an answer would be due 20 days from May 19, 1987 plus the three days allowed by Rule 9006(f).[1] Under this scenario, an answer would be due by Thursday, June 11, 1987.

2. The language in the Summons "which is herewith served upon you" would imply that an answer was due 20 days from receipt. Two possibilities exist here:

   a. Johnson does not deny receiving a copy of the Summons and Complaint by regular mail.[2] He does not assert when they were received. Normal course of mail would expect that they would be received three days after mailing on May 19, which would be Friday, May 22, 1987. Under this analysis, an answer would have been due by June 11, 1987.

   b. The return receipt was signed on May 28, 1987.[3] If the response is due

---

**1.** The Summons is probably a "process" referred to in Rule 9006(f) for which the additional three days is *not* allowed, but for purposes of this case, the Court will assume that the additional three days is allowed.

**2.** Subsequent to the hearing on this matter (and probably after receiving a letter from this Court advising that an Order would be forthcoming sustaining the Bank's position), Johnson's attorney submitted a letter brief to which was attached an affidavit by Johnson in which he denied having received the Summons and Complaint by regular mail. The time for Johnson to have made such a statement would have been at the hearing on this matter when he could have been cross-examined. The Court feels the affidavit should not be given any weight.

**3.** The Debtor submitted a copy of the envelope in which the Summons was sent by Certified Mail. It contained three dates: May 21, 1987 for the first notice; May 28 for the second notice; and for a return on June 6. The Debtor

20 days from the date the certified mail notice was received, then the response would have been due by June 17, 1987, the date it was actually filed by Johnson and two days after the entry of the Order for Relief.

In this case, we are dealing with a sophisticated Debtor represented by an attorney. Clearly the Debtor had actual knowledge of the filing through the telecopy sent to his attorney on May 18, 1987, the date the Petition was filed. Certainly this should have started the Debtor and his attorney toward the preparation of an appropriate answer.

■ Service on the Debtor was effected by the mailing on May 19, 1987. The Debtor and his attorney are charged with knowledge of the requirements of Bankruptcy Rules 7004(b)(1) and 9006(e). Thus the answer was not timely filed.

Assuming *arguendo* that the Debtor and his attorney were somehow confused by the language of the Summons, the delivery by first class mail was effective on May 21 or May 22 at the latest. An Answer was therefore due by June 11. The Answer filed on June 17 was not timely filed.

■ There is no requirement that service be by certified mail, and consequently, Johnson's delay in picking up the certified letter will not give him additional time to respond. The Bank should not be penalized for being thorough.

Johnson presented no evidence. There is no evidence in the record to indicate that Johnson is regularly paying his debts as they become due. That is the only issue in an involuntary proceeding and under the circumstances of this matter, the allegations in the petition that the Debtor is not regularly paying his debts as they become due must be taken as admitted. The attorneys stated in argument that the Debtor had been trying to work a settlement with his creditors, lending credence to the Bank's allegation that the Debtor is not paying his debts as they become due.

■ Johnson argues that he has certain defenses to the Motion including the fact that there were more than 12 creditors, but no proof of that was offered at the hearing on this matter. Johnson asserts that venue is improper, but that is not a defense to an involuntary petition. He asserts that he "substantially complied" by filing an Answer on June 17, but that was after the entry of the Order for Relief. Johnson offers no excuse or extenuating circumstances for the late filing. He further asserts a dispute as to the validity of the claim of the Bank. No evidence of that dispute was introduced at the hearing on this matter. The Bank asserts that the unpaid balance of its debt is in excess of $5,700,000.00 and the Court therefore assumes that even though disputes may exist as to a portion of that amount, undoubtedly some of it will be a valid claim against Johnson.

### Conclusion

The Motion to Set Aside Order for Relief will be denied.

Order accordingly.

DATED: Sept. 8, 1987.[4]

---

asserts that this indicates the Certified Mail was not received until June 6, even though the return card is dated May 28. The Court's experience indicates that this is not a proper reading of that statement. It is a scheduling notice for the Post Office made at the time of the issuance of the first notice. This would also indicate that Johnson received the copy by regular mail on May 21 rather than May 22 as the Court has assumed above.

4. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.