In re Robert A. JOHNSON, Debtor.

Bankruptcy No. 287–20305.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Sept. 29, 1987.

M. Bruce Peele, Brice & Mankoff, Dallas, Tex., for debtor.

Don Sunderland, Gibson, Ochsner & Adkins, Amarillo, Tex., for Bank.

## MEMORANDUM OF OPINION CONCERNING DEBTOR'S MOTION FOR STAY PENDING APPEAL

JOHN C. AKARD, Bankruptcy Judge.

On May 18, 1987, The First National Bank of Amarillo (Bank) filed a Petition for Involuntary Bankruptcy under Chapter 7 of the Bankruptcy Code against Robert A. Johnson (Debtor). An Order for Relief was signed on June 15, 1987. On June 17, 1987 the Debtor filed an Answer to the Petition for Involuntary Bankruptcy. On July 23, 1987, the Debtor filed a Motion to Set Aside the Order for Relief. On August 18, 1987, the Court heard the Debtor's Motion to Set Aside the Order for Relief. The Court denied the Motion to Set Aside Order for Relief by Order dated September 8, 1987 and entered September 11, 1987, 105 B.R. 806 (Bkrtcy.N.D.Tex.1987). By the same Order, the Debtor was instructed to file a Statement of Affairs and Schedules within ten days from the entry of the Order. On September 21, 1987 the Debtor filed a Notice of Appeal and a Motion for Stay of Enforcement of Order Pending Appeal. A telephonic hearing on the Motion for Stay was held on September 24, 1987 at which time the Court advised the parties that the Motion would be denied and that an Order would be forthcoming. On September 25, 1987 the Debtor filed his Statement of Affairs and Schedules.[1]

---

1. Bankruptcy Rule 1007(c) requires that the Statement of Affairs and Schedules be filed by the Debtor within 15 days after the entry of the Order for Relief in an involuntary case. The Order for Relief was signed on June 15, 1987 and entered on June 16, 1987. Thus, the Statement and Schedules were due by July 1, 1987. In view of the Debtor's Motion, the Court determined that the Debtor should be given additional time in which to prepare and file the Statement and Schedules. In order to give the Debtor as much time as possible, the Court advised the Debtor's attorney by letter of August 31, 1987 that the Court was going to deny the Motion and order the filing of the Statement and Schedules within ten days after the entry of that Order. The Order was entered on September

## DISCUSSION

■ In determining whether this Court should grant a Stay pending Appeal, this Court should consider four factors:

1. Whether movant has made a strong showing that he is likely to succeed on the merits of appeal;

2. Whether movant has established that unless the stay is granted he will suffer irreparable injury;

3. No substantial harm will come to other interested parties; and

4. A stay would do no harm to the public interest.

*Belcher v. Birmingham Trust National Bank,* 395 F.2d 685 (5th Cir.1968).

■ With respect to the first factor, the Court finds there is little likelihood that the Debtor will succeed on the merits on appeal. When the Motion to Set Aside Order for Relief was heard, the Debtor presented no evidence. The Debtor presented only argument which this Court conclusively found against the Debtor. It was not until after the hearing that the Debtor denied ever having received service of the Summons.

Section 303(b)(2) of the Bankruptcy Code[2] provides that when there are fewer than 12 creditors, one creditor may file an involuntary petition if that creditor holds a debt in excess of $5,000.00. The Bank asserts that its claim is in excess of $5,700,-000.00. The Debtor asserts that he has more than 12 creditors, but no evidence on this point was presented at the hearing on the Motion. The Answer filed by the Debtor did list parties who are claimed to be additional creditors. However, the Answer did not comply with Bankruptcy Rule 1003(b) which states that the Debtor "shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof." The Answer filed by the Debtor gave names and addresses, but did not give a statement of the nature of their claims or the amounts thereof.[3] Bankruptcy Rule 1003(b) and § 303(c) allow time for additional creditors to join in the Petition if the Debtor timely asserts that he has more than 12 creditors.

Section 303(h)(1) provides that an Order for Relief shall be entered by the Court if the Debtor is generally not paying such Debtor's debts as they become due. In paragraph 5, the Bank's Petition alleged "Robert A. Johnson is generally not paying his debts which are not subject to bona fide dispute as they become due." The Debtor's Answer in paragraph 6 specifically admitted that allegation.

Section 303(b)(1) provides that if the Debtor has more than 12 creditors, three or more creditors may bring an involuntary petition. If the District Court were to reverse this Court's ruling, the matter would be remanded to the Bankruptcy Court. Notice would be sent to all creditors to see if they wished to join the involuntary petition. It can be anticipated that the Debtor will attempt to dispute every debt he owes. It is a likely prospect, however, that at least two undisputed creditors will join the Involuntary Petition. Undoubtedly, the Debtor will dispute the Bank's claim, but it can be anticipated that at least a part of the Bank's claim would be undisputed. So long as the total undisputed debt exceeds $5,000.00, the Order for Relief would then be entered since the Debtor admitted that he is generally not paying his debts as they become due.

■ The Debtor asserts that he will suffer irreparable injury by the entry of the Order for Relief. As indicated above, the prospects are great that an Order for Relief would be entered even if this Court's prior Order is reversed and the matter remanded to this Court by the District Court. This Court cannot see how the Debtor will be harmed by disclosing his financial af-

11, 1987. The Debtor did not file his Statement and Schedules until September 25, 1987.

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

3. This information is still not shown for unsecured creditors in the Schedules recently filed by the Debtor, even though such information is required by the Official Form. A cursory reading of the Schedules reveals that they are also deficient in that the name and address of the priority creditor is not given and no addresses are given for the secured creditors.

fairs and having them investigated by his unpaid creditors pending his appeal.

The Debtor asserts that no substantial harm will come to other interested parties if his Motion for Stay Pending Appeal is granted. The Bank asserts that the Debtor may well be making preferences, secreting assets, and otherwise hindering creditors. The Debtor's constant delaying tactics lends credence to the Bank's concerns. It is the opinion of this Court that it is in the best interest of creditors for these Chapter 7 proceedings to move forward rapidly and for a Trustee to investigate the Debtor's acts and conduct.

The Debtor asserts that the stay would do no harm to the public interest. This Court holds that it is in the public interest for persons who have been found to be involuntarily bankrupt to cooperate with the Court and with the Trustee and comply with Orders of this Court. Therefore, the public would be best served by denying the stay pending appeal.

### CONCLUSION

For the foregoing reasons, this Court finds that the Debtor's Motion for Stay Pending Appeal should be denied.

Order accordingly.[4]

---

**4.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.