### In re Bobby J. & Alice F. BARNHART, Debtors.

### Bankruptcy No. 89–10233–C.

United States Bankruptcy Court, W.D. Texas, Austin Division.

Nov. 29, 1991.

---

Eric R. Borsheim, Barry Kent Bishop, Austin, Tex., for debtors.

John J. McKetta, Austin, Tex., for John H. Akin.

Robert Trembath, pro se.

John W. Alvis, Austin, Tex., for Barnhart Joint Venture.

## ORDER ON MOTION TO RECONSIDER ORDER APPROVING COMPROMISE

LEIF M. CLARK, Bankruptcy Judge.

CAME ON, for consideration, the motion of John H. Akin, Robert Trembath and Barnhart Joint Venture to reconsider order approving compromise. Upon consideration thereof, the court finds and concludes that the motion should be DENIED.

### BACKGROUND FACTS

The debtor sought to compromise a claim against a creditor and filed a motion for approval on September 12, 1991. Per the local rules of our district, the motion contained twenty-day negative notice, which provides that an order granting the motion may be entered unless a response in opposition is received within twenty (20) days of the date reflected in the certificate of service. The motion was served by mail on all creditors and parties in interest on September 12, 1991.

More than twenty days later, on October 4, 1991, the movants here filed their response and objection to the motion

to compromise. A week later, on October 11, 1991, this court entered its order approving the compromise.[1]

## ANALYSIS

■ At issue here is whether the movants' objection was timely filed. The twenty-day prescribed period for filing a response expired on October 2, 1991, but movants' response was not filed until October 4, 1991. Movants argue that the "mailbox rule" embodied in Rule 9006(f) of the Federal Rules of Bankruptcy Procedure applies to this pleading because the negative notice was served by mail. While the responsive pleading of these movants fell outside the twenty-day period, it was filed within the three-day grace period to which they say they are entitled.

Indeed, a literal reading of Bankruptcy Rule 9006(f) seems to make the three-day rule applicable to cases for which twenty-day, negative-notice language is provided by Local Rule 9014(b). Rule 9006(f) says:

When there is a right or requirement to do some act or undertake some proceedings within a *prescribed period* after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the *prescribed period.*

At the same time, Bankruptcy Local Rule 9014(b) creates such a "prescribed period" by permitting negative-notice language, which says:

AN ORDER WILL BE ENTERED GRANTING THE RELIEF REQUEST- ED HEREIN WITHOUT FURTHER HEARING UNLESS A WRITTEN OBJECTION AND REQUEST FOR HEARING IS FILED WITH THE CLERK WITHIN TWENTY (20) DAYS OF THE DATE OF ISSUANCE OF THIS NOTICE.... [2]

At first glance, then, Local Rule 9014(b) appears to create the very sort of "... right or requirement to do some act or undertake some proceedings within a prescribed period after the service of a notice or paper other than process ..." described in Rule 9006(f) of the Federal Rules of Bankruptcy Procedure—thereby seeming to make the three-day rule applicable if such "notice or other paper" is served by mail. Unfortunately, the apparent simplicity of this reading of the relevant rules is complicated by the relevant case law. While there seem to be no cases directly on point, a 1987 Texas bankruptcy court decision assumed, without deciding, that the three-day extension *did* apply to the twenty-day period within which a party must file a motion or answer to a petition. *In re Johnson*, 105 B.R. 806, 807 n. 1 (Bankr. N.D.Tex.1987). The *Johnson* court, however, made this assumption despite the fact that the pleading in that case was probably a "process," for which Rule 9006(f) expressly states the three-day extension is not available. *Id.* Therefore, for our purposes here, the authority of the *Johnson* decision is somewhat weakened.

Although the Fifth Circuit has not specifically ruled on the applicability of the three-

---

**1.** Inevitably, a certain amount of "lag time" exists between the time the clerk's office receives a pleading and the time the court receives its copy of the same pleading. If the pleading is filed in the same city where the judge responsible for the case is located, the "lag time" occurs because the clerk's office dockets the pleading before the court copy is sent to the judge's chambers. Adherence to this system insures that the fact of filing appears promptly on the computerized docketing system. If, as in this case, the pleading is filed in a city other than where the judge responsible for the case is located, the pleading must be mailed to the clerk's office in the city where the judge is located, and the "lag time" increases. To compensate for "lag time" and to permit the system to catch up, this court regularly adds a few days to the twenty-day suspense period. Thus, an order on the motion at issue here was not entered until October 11, 1991. Apparently, the movants' objection had not been docketed when the court's staff checked the computer terminals in chambers for objections. Even if the objection had been picked up, however, the court would still have absolute discretion to ignore untimely filed objections. Thus, the issue of timeliness can be resolved without regard to whether the court's staff actually saw, or could have seen, the objection before the order approving the motion to compromise was entered.

**2.** When this language is incorporated into a motion, pursuant to our local rules, the "date of issuance" is the date of mailing indicated in the movant's certificate of service.

day rule to twenty-day, negative-notice language, it has said that Rule 9006(f) "applies only when the 'prescribed period' is fixed by the date on which notice is served." *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 395 (5th Cir.), *cert. denied*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989); *accord In re Paul*, 101 B.R. 228, 230 (Bankr.S.D.Cal.1989) (Bankruptcy Rule 9006(f) did not extend time for filing ballot even though debtor mailed notice and ballot to creditor). In a footnote to the above-quoted passage, the court explained further: "... if some act must be done within ten days of notice and one party is served personally and another by mail under a 'mail box rule,' the first party would have the unfair advantage of the time it takes the letter notice to reach the second. The three-day extension functions to compensate for this possible disparity." *In re Robintech*, 863 F.2d at 395 n. 1. This analysis, were it to end here, would seem to support movants' conclusion that the three-day rule applies to twenty-day, negative-notice language, inasmuch as that language establishes a prescribed period "fixed by the date on which notice is served." Nevertheless, such a conclusion is incorrect because the Fifth Circuit's analysis did not end there. The court went on to state that, in a case in which *"all* notices must be by mail, there is no need for such compensation, as all parties are theoretically subject to the same delays." *Id.* at 395 (emphasis added); *accord In re Roberts*, 98 B.R. 664, 668–69 (Bankr.D.Vt. 1989) (quoting *In re Robintech* for the same proposition). In so saying, the court relied upon its earlier ruling in *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357–58 (5th Cir.1975), in which it observed that the

purpose of Federal Rules of Civil Procedure Rule 6(e) (the analog to Rule 9006(f)) is "only to guarantee that parties served personally have no advantage over those served by mail." *In re Robintech*, 863 F.2d at 395. The *Robintech* court then held that Rule 9006(f) did not apply so as to add three days to the proof of claim deadline which had been specified in a bankruptcy court order.[3] *Id.*

The *Robintech* precedent cannot be ignored. Rule 9006(f)—and its instruction to add three days when the notice is served by mail—has been construed to apply only when less than all the notices are given by mail. Even though *Robintech* did say that the mailbox rule applies when the prescribed period is fixed by the date on which notice is served (as would appear to be the case here), that very observation was itself premised upon the assumption that the mailbox rule ceases to be necessary when all persons served are served by mail.

At least in the Fifth Circuit, then, if *all* parties are served by mail, the mailbox rule will not apply to motions subject to negative notice, and responsive pleadings will have to be filed within the prescribed period without the addition of three days. *See id; see also* 9 *Collier on Bankruptcy* § 9006.10, at 9006–26 (15th ed. 1991). Not only is this rule consonant with the underlying purpose of the mailbox rule itself, but it also supports the policy favoring quick and effective settlement of bankruptcy estates. *See In re Robintech*, 863 F.2d at 397–98.[4] Furthermore, the rule imposes no unreasonable time constraints: the twenty-day provision already presumes a certain amount of lag time for mailing both the operative pleading and the response. Adding another three days to compensate for

---

3. The court order specified a date certain (February 14th), and was sent by mail on January 23rd, thereby affording the minimum 20–day notice imposed by then-Bankruptcy Rule 2002(a)(8). A proof of claim filed February 16th was, therefore, held not to have been timely filed. *Id.* at 394.

4. As the *Robintech* court said:
   Under the Bankruptcy Code and rules, creditors play a zero-sum game in which a failure to navigate effectively through various intri-

cate procedures can mean total defeat. Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship. Frequent players in the bankruptcy arena ... know this and are aware that deadlines are important and should not be heard to complain of unfairness except under the most egregious circumstances. *Id.* at 398.

that same lag time is obviously superfluous.

■ In light of the foregoing, the motion to reconsider on grounds that the objection to the motion to compromise was timely filed must, therefore, be DENIED.[5]

So ORDERED.

**5.** The motion to reconsider also contains a request for clarification of the underlying compromise itself. The actual thrust of this request, however, is to challenge whether the compromise is in the best interests of the estate. In other words, it urges the very concerns which would have been raised had the objection been timely filed and considered prior to the entry of the order approving the compromise. As the court has already ruled that the objection was untimely, the requested clarification cannot properly be given at this time.