**In re Eddie Fred PETERS, Debtor.**

**LITHONIA CHIROPRACTIC CLINIC, Plaintiff,**

v.

**Johnnie Mae PETERS, Eddie Fred Peters, Defendants.**

**Adv. No. 93–6039.**
**Bankruptcy No. 92–69159.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 25, 1993.

Stuart H. Bond, Roswell, GA, for plaintiff.

Richard M. Jones, Jr., Atlanta, GA, for defendants.

## *ORDER*

MARGARET H. MURPHY, Bankruptcy Judge.

Plaintiff filed a motion to compel March 29, 1993. Defendants filed a response to Plaintiff's motion April 5, 1993, which was accompanied by Defendants' responses to the interrogatories and request for production of documents. Both Plaintiff's and Defendants' pleadings were accompanied by affidavits. The written pleadings appear to have set forth all the facts and circumstances relevant to determination of Plaintiff's motion and, therefore, pursuant to 11 U.S.C. § 102, a hearing on Plaintiff's motion to compel is unnecessary.

This adversary proceeding was filed January 11, 1993. Defendants were served contemporaneously with the summons and complaint and with interrogatories and requests for production of documents. Defendants' attorney contacted Plaintiff's attorney February 23, 1993 to apologize for the failure to respond to discovery and to promise a response by February 27, 1993.[1]

---

1. As the discovery requests were served with the complaint January 11, 1993, Defendants had 45 days within which to respond. The 45th day was February 25, 1993. Pursuant to Bankrupt-

As a result of Defendants' counsel's inadvertence, no responses to the discovery were served upon Plaintiff until Defendants' response to the motion to compel was filed.

■ Defendants complain that when Plaintiff's counsel did not receive the discovery responses as promised, Plaintiff's counsel did not contact Defendants' counsel to remind him that the responses were due or to set a deadline after which Plaintiff's counsel would file a motion to compel if responses were not received. Defendants rely upon LR 225–4 NDGa, which requires counsel to make a good faith effort to resolve between themselves disputes which arise during discovery.

In the instant case, however, no dispute existed regarding discovery: Defendants did not object to the discovery requests and specifically promised to provide them within a stated period of time. The time periods for responses to interrogatories and requests for production of documents are established in FRCP 33 and 34, incorporated in Bankruptcy Rules 7033 and 7044. Defendants merely failed to timely respond to the discovery requests. LR 225–4 NDGa should not be read to require Plaintiff's counsel to perform calendaring service for Defendants' counsel.

■ Defendants assert they "would have responded to a date agreed to between Counsel had such a date been set." Defendants contend Plaintiff's counsel had a duty to consult with Defendants' counsel to establish a date after which, if discovery responses were not received, Plaintiff would file a motion to compel. The standards of professionalism certainly support such a duty. Neither the Bankruptcy Rules nor the local rules impose such a duty, however. Therefore, Plaintiff's attorney's failure to extend the degree of courtesy directed by the tenets of professionalism does not relieve Defendants' attorney of the more serious breach of both the tenets of professionalism and the procedural rules which establish the duty to

timely respond to discovery requests. Plaintiff's attorney's conduct is, however, relevant to an assessment of sanctions for the failure to timely respond to discovery requests.

■ Although Defendants' responses to discovery which were attached to the response to the motion to compel may render an order compelling discovery unnecessary, those responses do not moot Plaintiff's request for imposition of sanctions. *Devaney v. Continental American Insurance Co.*, 989 F.2d 1154 (11th Cir.1993). Plaintiff requested reimbursement of the attorneys fees incurred in connection with the filing of the motion to compel. Plaintiff's attorney's affidavit shows he expended in excess of two hours preparing the motion at $150 per hour. The motion to compel seeks reimbursement of attorneys fees in the amount of $300.

Defendants' assertion that they would have responded if Plaintiff's counsel had warned them about his intention to file a motion to compel tends to show that Plaintiff's counsel could have, by the simple expedient of a letter or phone call, avoided the necessity of filing a motion to compel. On the other hand, however, Defendants' failure to respond to the discovery requests within the time established by the rules **and** within the time affirmatively promised by Defendants' counsel lends little credence to the assertion that the responses would have been forthcoming in the face of a threatened motion to compel. Nevertheless, as noted above, professionalism would seem to recommend prior notice to Defendants' counsel that Plaintiff intended to file a motion to compel. Such notice might have avoided the necessity to file the motion to compel. Therefore, reduction of the sanctions imposed for the failure to timely respond to discovery is appropriate. In consideration of the time and effort which might have been avoided, reimbursement of attorneys fees in the amount of $200 appears appropriate.

cy Rule 9006(f), three days would be added to the time period, which would extend the time for response to Sunday, February 28, 1993, and

pursuant to Bankruptcy Rule 9006(a), time would be extended to Monday, March 1, 1993.

 Bankruptcy Rule 7037 provides that the responsibility for payment of sanctions may be imposed upon the party or the party's attorney. In the instant case, Defendants' responses to the motion to compel show the failure to timely respond to discovery was caused by Defendants attorney, not Defendants. Therefore, the responsibility for payment of sanctions is Defendants' attorney's. Accordingly, it is hereby

ORDERED that Plaintiff's motion to compel is denied as moot. Defendants' attorney is directed to pay to Plaintiff the sum of $200 as reimbursement of attorneys fees incurred by Plaintiff in connection with the filing of the motion to compel.

IT IS SO ORDERED.