In re Fred Maxey CLONINGER III.

J & S WHOLESALE, INC., Lew Horton, Inc., Davidson's West, Inc., and Jim David Sims, Plaintiffs,

v.

Fred Maxey CLONINGER, Defendant.

Bankruptcy No. 95–41389 S.

Adv. No. 96–4047.

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

June 12, 1996.

F. Preston Buchner, Little Rock, AR, for Plaintiffs.

R.J. Brown, Little Rock, AR, for Defendant/Debtor.

### ORDER OF DISMISSAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion to Dismiss for Lack of Jurisdiction filed on May 31, 1996, and the plaintiffs' Motion to Strike Defendant's Motion to Dismiss, filed on June 5, 1996. This case was filed on May 19, 1995, and objections to discharge and complaints to determine dischargeability were required to be filed by August 21, 1995. Fed.R.Bankr.Proc. 4004, 4007. The plaintiffs timely filed this Complaint on March 26, 1996, in response to which the defendant filed a motion to dismiss. The Court granted the motion, in part, because the complaint merely recited the elements of various causes of action, but stated no facts. The Court directed the plaintiffs to amend their complaint within twenty (20) days of May 2, 1996. Accordingly, the amended complaint was required to be filed no later than May 22, 1996. The amended complaint was filed on May 23, 1996, and served on May 24, 1996.

It is well-settled that objections to discharge and dischargeability must be strictly construed in order to effect the policy of affording debtors the fresh start granted by the Bankruptcy Code. Indeed, the Federal Rules of Bankruptcy procedure not only limit the time periods by which such complaints must be filed, see Fed.R.Bankr.Proc. 4004(a), (b), 4007(c), but also the Court's authority to extend the deadline for filing such complaints, Fed.R.Bankr.Proc. 9006(b)(3). In the instant case, the plaintiffs were given permission to amend their complaint within a time certain. The amended complaint was untimely, however, and no re-

quest for an extension was filed prior to the expiration of the time for filing the amendment. Inasmuch as the amended complaint was untimely filed, the plaintiffs forfeited their ability to maintain their discharge and dischargeability actions. *Cf. RE/Max Properties, Inc. v. Barnes (In re Barnes )*, 96 B.R. 833 (Bankr.N.D.Ill.1989).

■ The plaintiffs urge that Rule 6(e) provides an additional three days response time such that the amended complaint was timely filed.[1] Rule 9006(f), the applicable rule, which is similar to Rule 6(a), Federal Rules of Civil Procedure, provides that

> When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

There are two prongs to this rule: (1) the time for the required act is calculated from the date of service of the paper; and (2) the paper is served by mail. In the instant case, plaintiffs are in error because the first prong of the test is not met. The Order under which the act was to be done, the filing of the amended complaint, required that the amendment be filed from a date calculated from the entry of the Order, not the date of mailing or service of that Order. While it is true that the clerk is, by her internal procedures, required to place the Order in the mail on the date of its entry, that internal rule does not alter the character of the Court's Order or the triggering event. Plaintiffs were required to file their amendment within twenty days of entry of the Order, not the date it was mailed. Since the amendment was not filed within that period, the amendment is untimely. *See Constellation Development Corp. v. Dowden (In re B.J. McAdams, Inc.)*, 999 F.2d 1221 (8th Cir.1993); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir.1975); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir.1994). Accordingly, it is

**1.** The Bankruptcy Rule corresponding to Rule 77, Federal Rules of Civil Procedure, is Rule

**ORDERED** as follows:

1. The plaintiffs' Motion to Strike Defendant's Motion to Dismiss, filed on June 5, 1996, is DENIED.

2. The defendant's Motion to Dismiss for Lack of Jurisdiction filed on May 31, 1996, is GRANTED. This adversary proceeding is DISMISSED.

**IT IS SO ORDERED.**