**In re Beverly J. REYNOLDS, Debtor.**

**Bankruptcy No. 93–75867.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 14, 1997.

Oliver D. Peters, Bridges, Stringfellow, Bland & Peters, Decatur, GA, For Sherlene R. Bryan.

Richard D. Ellenberg, Atlanta, GA, for Chapter 7 Trustee.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

The issue in this case is whether Fed. R. Bankr.P. 9006(f) ("Rule 9006(f)") gives a claimant in a Chapter 7 case an additional three days beyond the bar date for filing claims set out in Fed. R. Bankr.P. 3002(c), when that bar date is the subject of a notice served by mail.

The Chapter 7 trustee filed an objection to the claim of Sherlene R. Bryan on August 4, 1997. The trustee objected to the claim being allowed, as the claim was filed one day after the bar date. After considering the arguments of counsel at a hearing held on September 10, 1997, and the letter from Ms. Martin's counsel dated September 17, 1997, the Court concludes that Rule 9006(f) does not give claimants an additional three days to file a claim, and Ms. Bryan's claim must be treated as a late-filed, unsecured claim.

Debtor filed this Chapter 7 case on November 8, 1993. The initial notice to creditors advised creditors that there did not appear to be any assets available at that time, and that unsecured creditors would not need to file a proof of claim unless they received notice to do so. On March 9, 1995, the Clerk sent a "Notice Fixing Time for Filing Proofs of Claim" to all creditors and parties in interest, advising that the trustee now reported that funds may be available for distribution. Creditors were notified that they must file a proof of claim on or before May 29, 1995, if they wished to participate in any distribution. Ms. Bryan received a copy of this Notice, but filed a proof of claim on May 30, 1995, one day after the deadline. The claim was filed as an unsecured, non-priority claim in the amount of $32,917.65.

Counsel are correct that the case of *Pioneer Investment Svcs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), does not apply in this case. Claimant's counsel argues that Rule 9006(f) should be construed to give Ms. Bryan an additional three days to file the proof of claim beyond the May 29, 1995 deadline. Rule 9006(f) provides as follows:

**ADDITIONAL TIME AFTER SERVICE BY MAIL.** When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

A number of courts have considered and rejected the argument that Rule 9006(f) extends the bar date for filing proofs of claim by three days when notice of the bar date is mailed to creditors. *See Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 395 (5th Cir.) **cert. den.** 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989); *In re Roberts,* 98 B.R. 664 (Bankr. D.Vt.1989); *In re Allegheny Int'l, Inc.,* 93 B.R. 910, 911–12 (Bankr.W.D.Pa.1988); *In re Wellman,* 74 B.R. 91, 93 (Bankr.D.S.C.1985); *In re Whitten,* 49 B.R. 220, 222 (Bankr. N.D.Ala.1985). The only reported decision in which a court held that Rule 9006(f) added

three days to the deadline for filing proofs of claim was overruled.[1]

In cases under Chapters 7, 12, or 13 of the Bankruptcy Code, Fed. R. Bankr.P. 3002(c) provides that, save for certain exceptions not at issue here, "[P]roofs of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code." *See* Fed. R. Bankr.P. 3002(c). Rule 9006(f) refers to the right to take some action within a prescribed period after service of a notice. However, under Fed. R. Bankr.P. 3002(c), "It is the date first set for the meeting of creditors which triggers the running of the time for the filing of the proofs of claim—not the mailing of the notice by the clerk of the court." *Whitten,* 49 B.R. at 222. Thus, by its own terms, Rule 9006(f) does not apply to the deadline for filing proofs of claim.

The application of Rule 9006(f) in other contexts is consistent with the holding that Rule 9006(f) does not give creditors three days beyond the bar date to file proofs of claim. The deadline for filing objections to discharge or dischargeability is "60 days following the first date set for the meeting of creditors held pursuant to [11 U.S.C.] § 341(a)." *See* Fed. R. Bankr.P. 4004(a); Fed. R. Bankr.P. 4007(c). Thus, as with the bar date for filing proofs of claim in cases under Chapters 7, 12, and 13, the deadline for filing objections to discharge or dischargeability in Chapter 7 cases is set by reference to when the meeting of creditors is first scheduled, and the courts have held that Rule 9006(f) does not add three days to the deadline for filing complaints objecting to a debtor's discharge under 11 U.S.C. § 727 or to the dischargeability of a debt under 11 U.S.C. § 523. *See Schunck v. Santos (In re Santos),* 112 B.R. 1001, 1009 (9th Cir. BAP 1990); *Transamerica Commercial Fin. Corp. v. Brucker (In re Brucker),* 150 B.R. 746, 748–49 (Bankr.D.N.D.1993); *Centrust Savings Bank v. Duncan (In re Duncan),* 86

B.R. 288, 289–90 (Bankr.M.D.Fla.1988); *Highland Community Federal Credit Union v. Williams (In re Williams),* 75 B.R. 887 (Bankr.D.Or.1987); *First Citizens Bank & Trust Co. v. Winburn (In re Winburn),* 72 B.R. 167 (Bankr.D.S.C.1986).

Similarly, it is well established the Rule 9006(f) does not add three days to the period to file a notice of appeal under Fed. R. Bankr.P. 8002(a), despite the fact that notice of the judgment was mailed. *See United States ex rel Rudd v. Schimmels (In re Schimmels),* 85 F.3d 416, 419–20 & n. 4 (9th Cir.1996); *Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.),* 999 F.2d 1221, 1225 (8th Cir.1993); *Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle),* 988 F.2d 29, 31–32 (5th Cir.1993). The rule does not apply because, "[T]he time to file the motions or notice of appeal runs from the entry of judgment, not from service of notice of the judgment." *McAdams,* 999 F.2d at 1225.

■ The additional three days provided by Rule 9006(f) are available when a deadline runs from the date of service of an order or pleading. *See Golodetz Corp. v. Lawson (In re Golodetz Corp.),* 198 B.R. 441, 443–45 (Bankr.S.D.N.Y.1996); *Lithonia Chiropractic Clinic v. Peters (In re Peters),* 154 B.R. 610, 612 n. 1 (Bankr.N.D.Ga.1993); *In re Antell,* 155 B.R. 921, 926–32 (Bankr.E.D.Pa. 1992); *but see In re Barnhart,* 134 B.R. 580 (Bankr.W.D.Tex.1991) (deadline ran from date of service, but court was bound by Fifth Circuit's holding in *Robintech* that Rule 9006(f) did not apply where all notices were served by mail). Conversely, if an Order provides that a deadline runs from the date the Order is entered, Rule 9006(f) does not apply. *See J & S Wholesale, Inc. v. Cloninger (In re Cloninger),* 197 B.R. 308, 309 (Bankr.E.D.Ark.1996).

In accordance with the above reasoning, the trustee's objection to the claim of credi-

---

1. In *In re Robintech, Inc.,* 69 B.R. 663 (Bankr. N.D.Tex.1987), a bankruptcy court allowed the proof of claim filed by a creditor two days after the bar date, based in part on debtor's negligence in addressing the notice of bar date and in part on Rule 9006(f). The Court held that "[Rule] 9006(f) applies in the instant case to afford the [creditor] an additional three days beyond the

bar date to file its proof of claim" 69 B.R. at 666. This decision was affirmed by the district court in an unreported decision, but was then overruled by the Fifth Circuit in *Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 395 (5th Cir.), *cert. den.* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989).

tor Sherlene R. Bryan is SUSTAINED, and the claim only be treated as a late-filed, unsecured claim. *See* 11 U.S.C. § 726(a)(3).