**In re Robin Harvard LUMSDEN, Debtor.**

**Bankruptcy No. 99–111–3F3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 23, 1999.

---

Denise E. Barnett, Jacksonville, FL, for Robin Harvard Lumsden.

Mamie L. Davis, Jacksonville, FL, Chapter 13 Trustee.

Shamila Subramaniam, Tampa, FL, for First Union National Bank.

1. The following Local Rule 2002–4 negative notice legend appeared on the face of Debtor's objection:

Pursuant to Local Rule 2002–4, the Court will consider this objection without further

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court on the Motion for Reconsideration of Order Sustaining Debtor's Objection to Claim 5 filed by creditor First Union National Bank. After a hearing on this Motion on August 11, 1999, the Court took the matter under advisement. Upon review of the file and submissions of the parties, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On January 7, 1999, Robin Harvard Lumsden ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code. First Union National Bank ("FUNB") filed a proof of claim for a debt arising from a promissory note and mortgage, as well as interest, penalties, attorneys' fees, and expenses. Debtor filed an objection to FUNB's claim ("Claim 5"), specifically objecting to attorneys' fees, foreclosure fees and costs, property preservation fees and costs, and inspection and appraisal fees and costs. Debtor served FUNB with her Objection to Claim 5 on June 10, 1999. Debtor followed the negative notice procedure provided in Local Rule 2002–4 and included a negative notice legend on the face of her Objection. The negative notice legend stated that in order to be heard on the Objection, FUNB must file a response with the Clerk of the Court within thirty days from the date of service of the Objection. The negative notice legend also stated that if no response to the Objection was filed within the time permitted, the Court would consider the Objection without any further notice or hearing.[1]

notice or hearing unless a party in interest filed an objection within thirty (30) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the

On July 13, 1999, the Court entered an Order Sustaining Debtor's Objection to Claim 5 finding that no response to the Objection had been filed within the time permitted. By July 13, 1999, FUNB had served Debtor, Debtor's attorney Denise E. Barnett, and other interested parties with its response to Debtor's Objection by mail. However, FUNB did not file its response with the Clerk of the Court until the next day, July 14, 1999.[2]

On July 26, 1999, FUNB filed a Motion for Reconsideration of Order Sustaining Debtor's Objection to Claim 5, and the Court heard Debtor and FUNB on the Motion for Reconsideration on August 11, 1999. At the conclusion of the hearing, the Court requested that Debtor and FUNB submit memoranda of law addressing whether FUNB's response to Debtor's Objection to Claim 5 was filed within the time permitted.

FUNB contends it filed its response to Debtor's Objection to Claim 5 within the time permitted. FUNB supports this contention by noting that F.R.B.P. 9006(f) operates to add three days to the thirty days time permitted to respond in Debtor's Objection. FUNB states that its response was filed within the time permitted because FUNB filed the response on July 13, 1999, thirty-three days following the service of Debtor's Objection. Debtor contends that FUNB's response was not filed within the time permitted. Debtor supports this contention by explaining that even if F.R.B.P. 9006(f) operates to extend the time permitted to thirty-three days,

FUNB's response was not actually filed with the Clerk of the Court until thirty-four days after service of Debtor's Objection.

### CONCLUSIONS OF LAW

■ The issue before the Court is whether FUNB's response to Debtor's Objection to Claim 5 was filed within the thirty days time permitted by the Local Rule 2002–4 negative notice legend on the face of the Objection. If FUNB's response was filed within the time permitted, the Court will grant the Motion for Reconsideration and set a hearing on Debtor's Objection. If FUNB's response was not filed within the time permitted, the Court will deny the Motion, and the Court's previously entered Order Sustaining Debtor's Objection to Claim 5 will remain intact.

Local Rule 2002–4 Negative Notice Procedure provides that the Court will schedule a hearing on an objection served with the appropriate negative notice legend if a party in interest files a response with the Clerk of the Court within the time permitted in the legend. *See* Local Rule 2002–4(c). The Local Rule further provides that if no party in interest files a response within the time permitted, the Court will consider the matter without further notice or hearing. *See* Local Rule 2002–4(d).

In a Local Rule 2002–4 negative notice legend, the time permitted for filing a response is computed in accordance with F.R.B.P. 9006(a) and 9006(f). *See* Local Rule 2002–4(d).[3] The time permitted be-

---

Clerk of the Court ... and serve a copy on the movant's attorney ... and any other appropriate persons.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

2. FUNB claims that its response was filed on July 13, 1999. The response was served on

July 13, 1999, but the Clerk of the Court's file stamp clearly indicates that the response was not filed until July 14, 1999. Other than FUNB's claim, there is no evidence before the Court contradicting the filing date of July 14, 1999.

3. Local Rule 2002–4(d) provides that

In the event no party in interest files an objection within the time permitted in the negative notice legend as computed under F.R.B.P. 9006(a) and (f), the Court will consider the matter in chambers without further notice or hearing. . . .

gins to run from, but does not include, the day the negative notice is served. *See* F.R.B.P. 9006(a). When the negative notice is served by mail, the date of mailing is the date of service. *See* F.R.B.P. 9006(e). Also, when a Local Rule 2002–4 negative notice is served by mail, three days are added to the time permitted in the negative notice legend because the time permitted is a prescribed period fixed by the date of service of the negative notice. *See* F.R.B.P. 9006(f).[4]

■ Thus, when a Local Rule 2002–4 negative notice legend on the face of an objection requires a response within thirty days from the date of service of the objection, and the objection is served by mail, the date the objection is mailed is the date of service from which the thirty days is calculated. *See* F.R.B.P. 9006(e). An additional three days is added to the thirty days permitted when the objection is served by mail, providing a total of thirty-three days from the date the objection is mailed during which a response may be filed. *See* F.R.B.P. 9006(f).

F.R.B.P. 9006(a) provides that
In computing any period of time prescribed or allowed ... by the local rules, ... the day of the ... event ... from which the designated period of time begins to run shall not be included.
Then, F.R.B.P. 9006(f) provides that
When there is a ... requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper ... is served by mail, three days shall be added to the prescribed period.

4. The Court notes that Local Rule 2002–4(d) expressly provides that the time permitted in the negative notice legend is to be computed under F.R.B.P. 9006(f). Although one Bankruptcy Court has held that, in the Fifth Circuit, the F.R.B.P. 9006(f) three-day extension does not apply to a local negative notice rule when all notices are served by mail, *see In re Barnhart*, 134 B.R. 580 (Bankr.W.D.Tex. 1991), *citing Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393 (5th Cir.1989), this Court finds no other Circuit in which such an interpretation of F.R.B.P. 9006(f) has been adopted. *See, e.g.,*

Debtor served FUNB with her Objection to Claim 5 by mail on June 10, 1999. The negative notice legend on the face of the Objection provided that if FUNB did not file a response with the Clerk of the Court within thirty days from the date of service of the Objection, the Court would consider the Objection without further notice or hearing. Because the Objection providing negative notice was served by mail, F.R.B.P. 9006(f) permits an additional three days for FUNB to file a response. This means FUNB had a total of thirty-three days, or until July 13, 1999, to file a response to Debtor's Objection.

Although FUNB served Debtor and Debtor's attorney with its response by mail on July 13, 1999, Local Rule 2002–4 requires that a response be filed with the Clerk of the Court, not served, within the time permitted. FUNB did not file its response with the Clerk of the Court until July 14, 1999, thirty-four days following service of Debtor's objection.

### CONCLUSION

The Court finds that FUNB's response to Debtor's Objection to Claim 5 was not

*In re Reynolds*, 215 B.R. 89, 91 (Bankr. N.D.Ga.1997) ("The additional three days provided by Rule 9006(f) are available when a deadline runs from the date of service of an order or pleading"); *Golodetz Corp. v. Lawson (In re Golodetz Corp.)*, 198 B.R. 441, 445 (Bankr.S.D.N.Y.1996) (declining to follow *Barnhart*); *In re Antell*, 155 B.R. 921, 929 (Bankr.E.D.Pa.1992) (noting that the Third Circuit has not adopted the *Barnhart* interpretation of F.R.B.P. 9006(f)). The only cases other than *Barnhart* in which F.R.B.P. 9006(f) has been held not to apply to deadlines in notices served by mail are cases dealing with notices of deadlines fixed by something other than the date of service of the notice. *See, e.g., Robintech*, 863 F.2d at 394 (claims bar date fixed by court order, not date of service of order); *Reynolds*, 215 B.R. at 90 (same); *Centrust Savings Bank v. Duncan (In re Duncan)*, 86 B.R. 288 (Bankr.M.D.Fla.1988) (deadline for filing complaint fixed by court order, not date of service of order). Therefore, those cases do not control the application of F.R.B.P. 9006(f) to this Court's Local Rule 2002–4 Negative Notice Procedure which specifically recognizes the applicability of F.R.B.P. 9006(f).

filed within the time permitted by the Local Rule 2002–4 negative notice legend on the face of Debtor's Objection. Additionally, no evidence of excusable neglect was brought before the Court. Accordingly, FUNB's Motion for Reconsideration of Order Sustaining Debtor's Objection to Claim 5 will be denied, and the Court's previously entered Order Sustaining Debtor's Objection to Claim 5 will remain intact.

A separate order will be entered in accordance with the foregoing.